## UNITED STATES of America, Plaintiff-Appellee,

v.

## Louis SANCHEZ, Jr., Defendant-Appellant.

### No. 80–2331
### Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit A

July 16, 1981.

---

Roland E. Dahlin, II, Federal Public Defender, Karen K. Brown, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

John M. Potter, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Appellant Sanchez pleaded guilty to possession of marijuana with intent to distribute. He was sentenced to three years imprisonment, with a special parole term of three years. He appeals on the ground that during his rearraignment, at which his guilty plea was accepted, the district court failed personally to address him with respect to the nature of the charges and to inform him that he had a right to appointed counsel at every stage of the proceedings. This Court affirms the judgment of the district court.

The issues in this case are controlled by this Circuit's recent en banc decision in *United States v. Dayton*, 604 F.2d 931 (5th Cir.1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980). This case addressed the issue of when a lack of literal compliance with Fed.R.Crim.Pro. 11 requires automatic reversal under *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and when it can be considered harmless error under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Dayton* held that, in obedience to the Supreme Court's *McCarthy* decision, failure of the trial court to address any one or more of Rule 11's three core concerns—absence of coercion, understanding of the accusation, and knowledge of the direct consequences of the plea—was inherently prejudicial and required automatic reversal. The en banc Court noted, however, that there may be room for the application of the harmless error rule to inadequate addresses of these matters or to unrelated constitutional errors arising from Rule 11 proceedings. Outside of the area of these core concerns, the harmless error rule was expressly held to apply.

One of the requirements of Rule 11(c)(1) is that the judge must personally inform the defendant of the nature of the charge to which the plea is offered and determine that he understands it. Sanchez contends that, because he is a twenty-five year old migrant worker with a seventh grade edu-

cation and no criminal record, the district court's inquiry into his understanding of the nature of the charges against him was inadequate and therefore requires reversal. To determine whether or not the district court adequately complied with Rule 11(c)(1), we must first summarize what occurred at the district court.

At the beginning of the rearraignment proceeding, the district court announced in Sanchez's presence that he was "charged with possession with intent to distribute approximately 47 pounds of marijuana." After appellant was sworn, the Assistant United States Attorney read aloud to Sanchez the charge in the indictment:

> That on or about July 21, 1980, within the Corpus Christi Division of the Southern District of Texas, and within the jurisdiction of this Court, LOUIS SANCHEZ, JR., did unlawfully, knowingly, and intentionally possess with intent to distribute a controlled substance under Schedule I of the Controlled Substances Act, to-wit: Approximately Forty-Seven (47) Pounds of Marijuana.

Immediately after reading the indictment, the prosecutor asked Sanchez how he wanted to plead, guilty or not guilty. After Sanchez pled "Guilty," the court asked him, "You plead guilty?" Sanchez responded, "Yes, sir."

The district court later questioned Sanchez to be sure that he understood the proceedings. The court specifically asked Sanchez whether there was anything, including drugs or alcohol, that "might make it difficult for you to understand these proceedings?" Sanchez replied no. The district court also asked: "You understand what the Court is saying all along?" Sanchez answered yes. Sanchez affirmatively answered questions concerning whether he had had an opportunity to discuss the charges against him with his attorney and whether his attorney had satisfactorily represented him and explained things to him. The district court then asked Sanchez, "Any question in your mind at this time about the charges against you or your guilty plea, did you have any question about that?" Sanchez responded no.

Although Sanchez does not claim that he was in any way prejudiced by the district court's failure to personally read him the indictment, failure of the court to inform the defendant about "the nature of the charge to which the plea is offered" is one in which prejudice is inherent and is per se reversible error. We therefore must determine whether the district court here adequately complied with Rule 11(c)(1).

■ In *Dayton*, the Court explained that for simple charges such as possession of marijuana with intent to distribute, "a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice. Charges of a more complex nature, incorporating esoteric terms or concepts unfamiliar to the lay mind, may require more explication." 604 F.2d at 938. The calculation of the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence is left to the good judgment of the district court. *Id.*

With regard to the appeal before the Court in *Dayton*, the Court held that because the charges were simple and the defendant a sane adult, he did not need to be told further what he was accused of after hearing it charged that on a specific date, at a place within the court's jurisdiction, he illegally possessed a specific amount of a named forbidden drug with intent to distribute it. *Id.* at 942–43. Thus, the reading of the indictment, followed by the judge's offer to answer any questions the defendant might have about it, was a satisfactory and sufficient explanation of the nature of this charge. *Id.* at 943. Defendant's response that he understood and had no questions, even though it was the "single response" condemned in certain pre-*Dayton* cases, was likewise a sufficient assurance in those circumstances that, given the nature of the charges and character and capacities of the defendant, the defendant understood what he was charged with. *Id.*

*Dayton* also explained that, with regard to the requirement that the judge personally address or inform the defendant of the

nature of the charges, this did not command a judicial monologue. *Id.* at 938. It will usually suffice that the judge dominate the inquiry and involve himself personally in it. *Id.* Therefore, the rule does not require that the judge be sole orator or lector. *Id.*

Turning to the case at hand, the prosecutor's reading of the indictment and the opportunity later given by the district court for Sanchez to ask questions constitutes sufficient compliance with Rule 11(c)(1). While Sanchez is a twenty-five year old migrant worker with a seventh grade education and no criminal record, he does not contend that his mental abilities were deficient, that he was insane, that he had hearing problems, or otherwise pled guilty without first understanding the nature of the charges against him. In light of *Dayton*, Sanchez's age, education, occupation, and lack of criminal record did not require that the district court elaborate any further on the nature of the charge against him. The reading of the indictment by the prosecutor rather than the court itself does not constitute noncompliance with Rule 11 since the court initially announced the charge at the beginning of the hearing. Therefore, the prosecutor's reading of the indictment together with the court's query about any questions Sanchez might have about his charge "was a satisfactory and sufficient explanation of the nature" of the charge. *Dayton*, 604 F.2d at 931. It is significant that Sanchez was actively represented by counsel during the plea proceeding, *see United States v. Caston*, 615 F.2d 1111, 1115 (5th Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980), and that the Rule 11 proceeding was not a "mere ritual," *Dayton*, 604 F.2d at 943.[1]

■ Sanchez's second ground for this appeal is that the district court failed to personally inform him that he was entitled to *appointed* counsel at all stages of the proceedings, as required by Rule 11(c)(2). The district court explained to Sanchez that he had the right to plead not guilty, and if he pled not guilty, among the rights attendant to that plea is the right "at the trial to have the assistance of counsel at all stages of the proceeding." The district court's failure to inform Sanchez that this right was a right to *appointed* counsel does not warrant reversal. Rule 11(c)(2), by its own language, limits the necessity for such a charge to situations where "the defendant is not represented by an attorney" at the plea proceeding. Sanchez was represented at the rearraignment by appointed counsel from the Federal Public Defender's Office. Even if Rule 11 did require such an instruction, the omission here is not one of the Rule's three core concerns—absence of coercion, understanding of the accusation, and knowledge of the direct consequences of the plea—but rather is one this Court would construe as harmless. *See Dayton*, 604 F.2d at 939–40.

Accordingly, the judgment of the district court is

AFFIRMED.

---

1. The district court, in compliance with Rule 11, also advised Sanchez of the maximum possible penalty for the offense, and asked whether any promises had been made to Sanchez in return for his guilty plea, or whether he had been threatened. Sanchez indicated that he was pleading guilty only because he was guilty of the charge filed against him. The Assistant United States Attorney informed the district court that Sanchez had turned himself in to the authorities after his sister was arrested at a border checkpoint for carrying marijuana in her van. He elaborated that Sanchez had gone to the police station and announced that the marijuana was his and that his sister knew nothing about it. Sanchez verified the prosecutor's account of the facts. Sanchez admitted putting the marijuana in his sister's van and indicated that since he felt it was his fault, he turned himself in and decided to plead guilty.