[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12768
Non-Argument Calendar

_____

D. C. Docket No. 98-00821-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO LUIS CURBELO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 19, 2007)**

Before DUBINA, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Antonio Luis Curbelo appeals the district court's denial on remand of his motion to withdraw his guilty plea to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Curbelo argues that (1) on remand, the district court violated our mandate; (2) the district court erred in denying his motion to withdraw his guilty plea because the plea was invalid, pursuant to Fed.R.Crim.P. 11; and (3) he received ineffective assistance of counsel. For the reasons set forth more fully below, we affirm.

In his motion to withdraw his guilty plea, Curbelo explained that, before he decided to plead guilty, his counsel advised him that he would receive safety-valve sentencing, pursuant to U.S.S.G. § 5C1.2, and that the government had agreed to a six-month boot-camp sentence. Curbelo claimed that these assurances prompted him to plead. Curbelo also explained, however, that, after his presentence investigation report ("PSI") was prepared, he learned that he was ineligible for safety-valve sentencing because of a prior felony conviction and actually faced a much greater sentence. Curbelo argued that his plea was, therefore, coerced.

A magistrate judge held an evidentiary hearing and recommended granting Curbelo's motion. Despite this recommendation, the district court denied the motion. Curbelo appealed, and we remanded the case to the district court for further proceedings in keeping with United States v. Cofield, 272 F.3d 1303, 1306

(11th Cir. 2001).  On remand, the district court held an evidentiary hearing, but again denied Curbelo's motion.  Cubelo ultimately was sentenced to 120 months' imprisonment as to each count, to be served concurrently.

## I.

Curbelo argues that the district court violated the spirit of our remand because it failed to articulate its reason for reaching a conclusion opposite that of the magistrate judge and conclusorily denied his motion to withdraw his guilty plea.

In Cofield, we addressed whether a district court may "wholly reject a magistrate judge's credibility findings without rehearing witness testimony" in denying a defendant's motion to suppress evidence.  272 F.3d at 1305.  We held that, "generally a district court must rehear the disputed testimony before rejecting a magistrate judge's credibility determinations," but recognized a "small exception [to this general rule] in the 'rare case' where there ... [is] found in the transcript an articulable basis for rejecting the magistrate's original resolution of credibility and that basis ... [is] articulated by the district judge."  Id. at 1306.

The district court satisfied our mandate.  The district court held a de novo evidentiary hearing, as required.  See Cofield, 272 F.3d at 1305.  At this evidentiary hearing, the district court heard extensive testimony.  In its post-

3

remand order, the district court analyzed whether this testimony suggested that Curbelo's plea was not knowing and voluntary, thereby demonstrating that the post-remand proceedings were not for mere show. The district court was not required to explain its disagreement with the magistrate judge. See id. Accordingly, we affirm as to this issue.

## II.

Curbelo next argues that his plea was invalid because he did not receive close assistance of counsel[1] and because his plea was not knowing and voluntary, as (1) he was coerced to plead guilty by his counsel's misrepresentations; (2) the district court did not advise him of the elements of his offense; and (3) the district court did not advise him of the applicable statutory mandatory minimum sentence.[2]

---

[1] This argument will be addressed below, in connection with Curbelo's ineffective-assistance-of-counsel claim.

[2] The government argues on appeal that Curbelo did not properly preserve his invalid-guilty-plea arguments, such that we should review for plain, rather than harmless, error. Indeed, we normally review a defendant's Rule 11 arguments for harmless error, pursuant to Fed.R.Crim.P. 11(h). United States v. Jones, 143 F.3d 1417, 1418 (11th Cir. 1998). Under this standard, "[a] variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights." Fed.R.Crim.P. 11(h). However, in United States v. Vonn, 535 U.S. 55, 59, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002), the Supreme Court held that, when a defendant fails to object to a Rule 11 violation in the district court, the appellate court should review for plain error only. Under this standard, the defendant must show that the district court's error was "plain, prejudicial, and disreputable to the judicial system." Id. at 61, 65, 122 S.Ct. at 1047, 1050. We note that Curbelo did not explicitly cite Rule 11 in his motion and that his counsel assured the district court on remand that the Rule 11 colloquy had been conducted "perfectly." However, we further note that Curbelo apprised the district court of his remaining invalid-guilty-plea arguments in his motion and in a pre-re-sentencing memorandum that was not pursued by Curbelo at re-sentencing or otherwise addressed by the district court. Accordingly, it is not readily clear whether Curbelo preserved his claim that his guilty plea was invalid. We find it

4

We will disturb the district court's decision to deny a defendant's motion to withdraw his guilty plea only when it constitutes an abuse of discretion. United States v. McCarty, 99 F.3d 383, 385 (11th Cir. 1996). A decision is an abuse of discretion if it is arbitrary or unreasonable. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir.), cert. denied, 127 S.Ct. 457 (2006).

After the district court accepts his plea, but before he is sentenced, a defendant may withdraw his guilty plea if he can "show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). In United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988), we held that, in determining if the defendant has met his burden, we will consider, inter alia, (1) whether close assistance of counsel was available and (2) whether the plea was knowing and voluntary. Regarding the knowing-and-voluntary factor of this test, we have summarized the district court's duty as an obligation to address the "three core concerns" underlying Rule 11: whether the (1) plea is free from coercion, (2) defendant understands the nature of the charges, and (3) defendant knows and understands the consequences of his guilty plea. United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000).

Rule 11 offers specific guidance on satisfying this core-concern obligation,

---

unnecessary to resolve this point, however, because the district court did not commit error, harmless or otherwise, as discussed below.

requiring the district court to inform the defendant of, and determine that he understands, <u>inter alia</u>, the nature of the charges against him and the applicable mandatory minimum sentence. Fed.R.Crim.P. 11(b)(1)(G), (I).

As to the need to inform the defendant of the nature of the charges against him, "[f]or simple charges . . . a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice," but for "[c]harges of a more complex nature, incorporating esoteric terms or concepts unfamiliar to the lay mind" a more in-depth explanation may be necessary. <u>United States v. DePace</u>, 120 F.3d 233, 237 (11th Cir. 1997). In <u>United States v. Sanchez</u>, 650 F.2d 745, 746, 748 (5th Cir. 1981), our predecessor held that possession with intent to distribute marijuana was a sufficiently simple charge that reading the indictment and affording the defendant an opportunity to ask questions about the charges was sufficient.

In determining if Rule 11 was satisfied, we can consider the terms of the plea agreement. <u>See</u> <u>Jones</u>, 143 F.3d at 1420 (applying harmless-error analysis and holding that we will consider the written plea agreement, along with the transcript of the plea colloquy, so long as the written plea agreement was referred to during the plea colloquy). Moreover, "the representations of the defendant ... [at a plea proceeding] as well as any findings made by the judge accepting the plea,

6

constitute a formidable barrier in any subsequent collateral proceedings" and any "[s]olemn declarations in open court carry a strong presumption of verity." Jones v. White, 992 F.2d 1548, 1556 (11th Cir. 1993); see also Fed.R.Civ.P. 52(a) (explaining that appellate courts should always afford a certain amount of deference to the trial court's credibility determinations); United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) (holding that there is a strong presumption that statements made during the plea colloquy are true).

Before analyzing Curbelo's specific claims, we note that Curbelo was put under oath at the change-of-plea hearing and informed the district court that he had read the plea agreement, he understood its terms, and these terms represented his full agreement with the government. Moreover, Curbelo's counsel testified at the evidentiary hearings that he reviewed the plea agreement with Curbelo before, and in the minutes preceding, the change-of-plea hearing and that, while he reviewed the likely plea-colloquy questions, he only told Curbelo to respond truthfully. While Curbelo has claimed that he never read or otherwise reviewed the plea agreement, he has offered nothing to overcome the "formidable barrier" created by his earlier plea-colloquy statements, save claims made after he learned that he would get a higher sentence than expected. See Jones, 992 F.2d at 1556. Also, the district court evidently found Curbelo's plea-colloquy statements and Curbelo's

counsel's testimony more credible then Curbelo's later claims, and we find no reason to deprive the district court's credibility finding of its due deference. See Fed.R.Civ.P. 52(a).

As to Curbelo's claim that he was coerced into pleading guilty because he believed he would get safety-valve sentencing and a six-month boot-camp sentence, the plea agreement advised Curbelo that receipt of safety-valve sentencing was contingent on his eligibility and that any safety-valve-sentencing recommendation was not binding on the district court. Likewise, both the plea agreement and the district court advised Curbelo that any estimated sentence given by his counsel was non-binding. Indeed, the district court even informed Curbelo that the entire plea agreement was non-binding and that the district court could impose a sentence more severe than that contemplated by Curbelo, his counsel, or the government. Because of these warnings, Curbelo should have known that he was not guaranteed a reduction or a sentence below the applicable mandatory minimum and that he should not base his decision to plead guilty solely on the promise of a low sentence.

As to Curbelo's claim that he never was advised of the elements of the charge against him, it is true that the elements were neither contained in the plea agreement nor discussed at the change-of-plea hearing. However, the district court

8

read the indictment at the change-of-plea hearing and gave Curbelo the opportunity to express any confusion or ask any questions about the charge contained therein. Because conspiracy to possess with intent to distribute cocaine is a simple charge, this reading of the indictment and subsequent opportunity to ask questions of the indictment was sufficient.  See DePace, 120 F.3d at 237; Sanchez, 650 F.2d at 746.

As to Curbelo's claim that he never was advised of the consequences of his guilty plea, namely the applicable mandatory minimum sentence, it is true that the applicable mandatory minimum sentence was not mentioned at the change-of-plea hearing.  However, the plea agreement advised Curbelo that his charge carried a ten-year mandatory minimum term of imprisonment.  Because this Court can look to the plea agreement to determine if Rule 11's core concerns were satisfied, as the district court referenced that plea agreement at the change-of-plea hearing, it is sufficient that the information was included in the plea agreement.  See Jones, 143 F.3d at 1420.  Accordingly, the district court did not abuse its discretion in denying Curbelo's motion to withdraw his guilty plea because it did not commit error in accepting the plea, and we affirm as to this issue.  See McCarty, 99 F.3d at 385.

**III.**

Curbelo finally argues that his counsel was ineffective for failing to (1) apprise Curbelo of his legal options, namely jury trial, and to prepare a defense

9

("Claim 1"); (2) know applicable law, namely the safety-valve criteria ("Claim 2"); (3) request or review discovery and the government's evidence ("Claim 3"); (4) investigate Curbelo's criminal history ("Claim 4"); (5) pursue double jeopardy or collateral estoppel defenses ("Claim 5"); and (6) assure that Curbelo understood the consequences of his guilty plea and pled guilty knowingly and voluntarily, namely by (a) not reviewing the plea agreement with Curbelo, (b) erroneously assuring Curbelo that he would receive safety-valve sentencing and a boot-camp sentence, and (c) telling Curbelo to simply "go along" with the plea-colloquy questions ("Claim 6").

Pursuant to Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) a defendant arguing ineffective-assistance-of-counsel must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. To prove the deficient-performance prong of the Strickland test, the defendant must show that his counsel's performance was unreasonable under prevailing professional norms. Id. at 688, 104 S.Ct. at 2065. Under this measure, counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). The Supreme Court has held that, in reviewing counsel's performance, appellate courts must be highly deferential and

10

must make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Indeed, the Supreme Court has indicated that there is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Id. To prove the prejudice prong of the Strickland test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. Id.

As an initial matter, we hold that the record is not sufficiently developed to review Claims 1-5. See Massaro v. United States, 538 U.S. 500, 504-505, 123 S.Ct. 1690,1694 (2003) (holding that appellate courts generally will not review ineffective-assistance-of-counsel claims on direct appeal, as the record usually has not been sufficiently developed as to counsel's performance at this point in the proceedings, and that the proper arena for such claims is collateral review). The district court has not explored these issues, so that we cannot determine whether Curbelo's counsel was deficient and Curbelo was prejudiced in these manners. Accordingly, we will not address these claims 1-5. See United States v. Tyndale, 209 F.3d 1292, 1294 (11th Cir. 2000) (declining to address ineffective-assistance-

11

of-counsel claims about which the record was insufficiently developed).  We note that Curbelo may raise these claims on collateral review.  We hold, however, that the record is sufficiently developed to review Claim 6, as the points of this claim were explored at two evidentiary hearings.  See id.

Regarding the merits of Curbelo's claim that his counsel failed to assure that he understood the consequences of his guilty plea and pled guilty knowingly and voluntarily, Curbelo stated at the change-of-plea hearing, and Curbelo's counsel testified, that Curbelo's counsel reviewed the plea agreement with Curbelo, as discussed above.

Curbelo's counsel also testified that he only told Curbelo that he would receive safety-valve sentencing if he qualified and that, at that point, both he and Curbelo believed that Curbelo had no prior felony convictions.  As soon as Curbelo's counsel learned that Curbelo had a prior felony conviction, he immediately informed Curbelo and discussed other options for a reduced sentence. Although the record includes transcripts from a change-of-plea hearing demonstrating that Curbelo's counsel previously had represented him on a felony conviction, the fact that he forgot about this conviction is not unreasonable, especially as Curbelo testified that he also had forgotten, such that it does not rise to the level of deficient performance.  See Strickland, 466 U.S. at 688, 104 S.Ct. at

12

2065. Curbelo's counsel likewise testified that he never promised Curbelo a six-month boot-camp sentence and only mentioned this as an option in the event that Curbelo merited other reductions.

Curbelo's counsel further testified that he did not tell Curbelo to "go along with" the district court judge's questions during the Rule 11 colloquy, but merely reviewed the likely questions and told Curbelo to answer truthfully. Indeed, Curbelo admitted that his counsel never told him to answer "yes" to these questions.

The district court evidently found Curbelo's counsel's testimony credible. Curbelo has offered nothing to undermine the credibility of these statements, except his claims made after he learned that he would not receive the sentence he expected. We find no reason to deprive the district court's credibility finding of its due deference. See Fed.R.Civ.P. 52(a). Therefore, the record demonstrates that Curbelo's counsel did not perform deficiently as to Claim 6. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.

Moreover, Curbelo failed to demonstrate a reasonable probability, sufficient to undermine confidence in the plea proceedings, that he would not have pled guilty if his counsel had behaved differently than alleged, as Curbelo sufficiently was informed at his change-of-plea hearing of the consequences of his guilty plea

and that any predictions made by his counsel were non-binding suggestions, as discussed above. Therefore, the record does not demonstrate that Curbelo was prejudiced. See id. at 694, 104 S.Ct. at 2068. Accordingly, Curbelo has not established ineffective-assistance-of-counsel as to Claim 6, and we affirm as to this issue as it regards this claim. We note that, because Curbelo's counsel was not ineffective in this manner and because this claimed instance of ineffective assistance of counsel is the one that speaks directly to the validity of his guilty plea, Curbelo received close assistance of counsel at his change-of-plea hearing, sufficient to satisfy Rule 11. See Buckles, 843 F.2d at 472.

## IV. Conclusion

In conclusion, we affirm the denial of Curbelo's motion to withdraw his guilty plea without addressing all but one of his ineffective-assistance-of-counsel claims. See Tyndale, 209 F.3d at 1294 (affirming the defendant's conviction on other grounds, but declining to rule on his ineffective-assistance-of-counsel claims when the record was insufficiently developed as to these matters).

**AFFIRMED.**

14