REVISED AUGUST 23, 2011

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-50987
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERNARDINO SAUCEDO-RIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-136-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Bernardino Saucedo-Rios appeals his guilty plea conviction of illegal reentry following deportation in violation of 8 U.S.C. § 1326(a). He argues that the magistrate judge violated Rule 11(b)(1)(D) of the Federal Rules of Criminal Procedure when he failed to inform Saucedo-Rios that Saucedo-Rios had "the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding."

Because Saucedo-Rios did not object in district court to the magistrate judge's failure to comply with Rule 11, we review for plain error, which requires a showing of clear or obvious error that affects substantial rights. See United States v. Vonn, 535 U.S. 55, 58-59 (2002). In evaluating whether an alleged Rule 11 error affects a defendant's substantial rights, this court looks to whether there exists a "reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

Saucedo-Rios's argument is unavailing. The rearraignment transcript reflects that the magistrate judge told Saucedo-Rios that by pleading guilty he was giving up "the right to have the attorney present at trial and with you in any subsequent hearings or proceedings" and that Saucedo-Rios confirmed that he understood his rights. Thus, although the magistrate's phrasing may have constituted a minor deviation from the text of Rule11(b)(1)(D), it did not constitute a violation of Rule 11. Furthermore, although the magistrate judge failed to inform Saucedo that he had the right to court-appointed counsel, Saucedo was, in fact, represented by court-appointed counsel throughout the proceedings in the district court. See United States v. Sanchez, 650 F.2d 745, 748 (5th Cir. 1981) (holding that Rule 11 "limits the necessity for such a charge to situations where the defendant is not represented by an attorney at the plea proceeding"). Finally, there is simply no indication in the record that there exists a "reasonable probability that, but for the error, [Saucedo] would not have entered the plea." Dominguez Benitez, 542 U.S. at 83.

Accordingly, the judgment of the district court is AFFIRMED.