*217 REAVLEY, Circuit Judge,
dissenting:
I would affirm because the patient district judge committed no error. Mason had the assistance of his retained counsel from his initial appearance in court through his sentencing, and he makes no contention that this representation was ineffective. Yet the panel majority finds that Mason was denied the right to replace his counsel, and orders a re-sentencing.
I.
The panel first faults the judge for failing to inform Mason of his right to court-appointed counsel at the June 23 hearing. With retained counsel present and after all that had been said by defendant about his counsel, it was not necessary for the court to raise the right to have appointed counsel. Rule 11 does require the information to be given “if necessary.” However the rule be construed, I could find no error for a judge not stating the right to appointed counsel under those circumstances, when it could imply to defendant the court’s lack of confidence in present counsel.
In United States v. Sanchez, we held that Rule 11 did not inflexibly require a district court “to personally inform [the defendant] that he was entitled to appointed counsel at all stages of the proceedings.”[1] Rule ll’s current paragraph (b)(1)(D) was at that time numbered (c)(2), and it began with the qualifying phrase “if the defendant is not represented by an attorney... ,”[2] That phrase was removed in the general restyling and restructuring of the Rules of Criminal Procedure undertaken in 2002.[3] The change was not intended to alter paragraph (c)(2)’s substance.[4]
We recently relied on Sanchez in our unpublished opinion in United States v. Saucedo-Rios.[5] The district court in that case had “failed to inform [the defendant] that he had the right to court-appointed counsel.”[6] We found no violation of Rule 11. The omitted advice would not have been helpful, we explained, because the defendant “was, in fact, represented by court-appointed counsel throughout the proceedings in the district court.”[7] We cited Sanchez for the proposition that “Rule 11 limits the necessity for such a charge to situations where the defendant is not represented by an attorney at the plea proceeding.”[8] I agree with SaucedoRios’s interpretation of paragraph (b)(1)(D) to allow some discretion to forgo advice regarding appointed counsel, and the omission here was certainly harmless.
II.
Mason’s complaint is that he was not given an appointed lawyer in response to his letter to the court on August 20. More effect is given by this panel to Mason’s expression of dissatisfaction than the court has given in the past. See United States v. Dilworth, 524 F.2d 470 (5th Cir.1976). *218 Mason’s request was denied by the court, understandably after what had been said at the June 23 hearing and having no reason to think Mason would not receive competent representation from his attorney. And that representation did continue without objection. Sentencing was set for September 28 but was continued until November 18 upon motion by the attorney Williams. On that date the defendant appeared with Williams and sentencing was completed without any complaint about or from counsel. I submit that there can be no legitimate objection to this judge’s performance.
But the majority holds that by denying Mason’s letter requesting appointed counsel, the district court somehow deprived Mason of “[his] Sixth Amendment right to choice of counsel.... ” I find this conclusion baffling. The panel cites only the Supreme Court decision stating that right to choice of counsel entitles “a defendant who does not require appointed counsel to choose who will represent him.” United States v. Gonzalez-Lopez,[9] It “does not go beyond the individual’s right to spend his own money to obtain the advice and assistance of ... counsel.” Caplin & Drysdale, Chartered v. United States.[10] Mason never sought to replace Williams with a new retained lawyer, and he never asked for time or assistance to find another retained lawyer.
The only right that Mason’s letter at mid-case could possibly implicate was his constitutional right to a publicly paid attorney incident to his right to effective assistance of counsel. When a defendant with an appointed attorney wishes to replace the attorney with a different appointed attorney, we require the defendant to show good cause. United States v. Young.[11] We require that showing because “those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented.... ”[12] Mason’s position is equivalent. The only cognizable ground on which he can be constitutionally entitled to representation at public expense is that he cannot otherwise secure constitutionally effective representation. Surely establishing that requires some showing that his retained counsel’s assistance would likely fall short of the constitutional minimum. The panel majority does not think so. It takes the view that “Because Mason retained the right to choice of counsel, he was not required to show good cause to substitute appointed counsel.” Mason did not “retain” the right to choice of counsel in any way that sets him apart from a defendant who has accepted appointed counsel. Mason did not assert the right to choice of counsel, and the fact that he could have bears not at all on whether the district court should have appointed a lawyer to replace Williams.
Parties to judicial trials may not at will change lawyers midway in the proceeding. This court considered the right to choose counsel in United States v. Dinitz, 538 F.2d 1214 (5th Cir.1976), beginning with the Supreme Court opinion in Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). We explained that the qualified right to choose one’s own counsel must be placed against the backdrop of judicial discretion. The judge has discretion in deciding whether to allow changes *219 in counsel considering the defendant’s choice and all circumstances. This panel skips the role of the judge and the need for cause to justify the change, and then sweeps aside my concerns, by declaring its decision to be the command of the Supreme Court in Gonzalez-Lopez. The panel takes Gonzalez-Lopez much too far. There the defendants chosen lawyer was removed unlawfully by the court and, despite repeated requests by the defendant, that chosen lawyer was denied him. Here, after hearings and accommodations for Mason, he writes a letter to the judge and despite all that went before and the continued representation by the same lawyer, we hold that this indication of Mason’s preference was enough to nullify the sentence. What this panel does is promote the right to choose counsel to give the defendant the decision on whom shall be his counsel at every stage of the case, except for changing appointed counsel. I find no justification for that exaggeration of Gonzalez-Lopez.
This decision makes trouble for judges. Defendants who have already hired constitutionally adequate counsel may now unilaterally force substitution of court-appointed counsel at any time without any demonstration that their present counsel is unable or unwilling to continue representing them. This supplies defendants with a reliable delaying tactic, because new counsel will nearly always require a continuance to get up to speed. The fact-bound character of the majority’s holding that Mason’s letter effectively asserted his rights adds to the difficulties. Defendants in criminal cases are understandably anxious about the amount of time and attention their attorneys devote to their cases. Many express their worries in letters directed to the presiding judge. Every time a defendant expresses dissatisfaction with retained counsel, the district court will have to wonder whether the defendant’s communication is one that requires the court to choose between substituting appointed counsel or risking that every subsequent proceeding in the case will have to be done over again.
Finally, I respectfully suggest to my Fifth Circuit colleagues that we not order resentencing unless the legal rights of a defendant require that. Resentencing burdens the marshals to transport and attend the defendant and then imposes on a busy district judge to repeat the sentencing.

. 650 F.2d 745, 748 (5th Cir.1981).

. Compare Fed.R.Crim.P. 11(b)(1)(D); with Fed.R.Crim.P. 11(c)(2), U.S.C.A. (West, 2001).

. Fed.R.Crim.P. 11, Advisory Committee Notes, 2002 Amendments.

. The Advisory Committee's notes for the 2002 amendments explain that the changes made to Rule 11 were "intended to be stylistic only, except as noted below.” The discussion following that statement makes no mention of substantive changes to paragraph (c)(2).

. 439 Fed.Appx. 316, 317 (5th Cir.2011) (unpublished).

. Id.

. Id.

. Id. (citing Sanchez, 650 F.2d at 748 (internal quotation marks omitted)).

. 548 U.S. 140, 144, 126 S.Ct 2557, 2561, 165 L.Ed.2d 409 (2006).

. 491 U.S. 617, 626, 109 S.Ct. 2646, 2652, 105 L.Ed.2d 528 (1989) (internal quotation marks omitted).

. 482 F.2d 993, 995 (5th Cir. 1973).

. Caplin & Drysdale, 491 U.S. at 624, 109 S.Ct. at 2652.