# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-51029

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT A. WARGO, JR., also known as Bobby Wargo,
also known as Robert Jones,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-258

Before JONES and HAYNES, Circuit Judges, and CRONE, District Judge.[*]

PER CURIAM:[**]

Robert A. Wargo ("Wargo") appeals his conviction for conspiracy to commit mail and wire fraud, 130-month sentence of imprisonment, and $5,243,488.49 order of restitution.   He argues that the district court committed error by:  (1) failing to advise him of certain rights as required by Rule 11 of the Federal Rules of Criminal Procedure; (2) violating the

---

[*] District Judge for the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51029

Criminal Justice Act ("CJA") by failing to inquire into his financial condition; and (3) denying his Sixth Amendment right to counsel of his choice.

## I.

On May 5, 2011, Wargo was charged by Indictment with conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 1349, 1341, and 1343, aiding and abetting mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 2, and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). On May 19, 2011, Wargo was arrested in the Southern District of Florida. The following day, Wargo made his initial appearance before United States Magistrate Judge Linnea R. Johnson, who advised Wargo of his rights in accordance with Rule 5 of the Federal Rules of Criminal Procedure and found Wargo to be indigent. At that time, a federal public defender was appointed to represent Wargo in this case. With the advice of counsel, Wargo waived his right to a hearing in accordance with Rule 40 of the Federal Rules of Criminal Procedure and was committed to the custody of the United States Marshal for removal to the Western District of Texas. Shortly thereafter, Wargo retained counsel.

At the plea hearing on August 19, 2011, during which Wargo was represented by retained counsel, United States Magistrate Judge Robert Pitman advised Wargo of the rights set forth in Rule 11 of the Federal Rules of Criminal Procedure but did not specifically advise him of the right to be represented by court-appointed counsel. Wargo pleaded guilty to Count 1 of the Indictment, and Judge Pitman recommended acceptance of the plea. United States District Judge Sam Sparks accepted the plea and plea agreement on October 31, 2011, sentenced Wargo to 130 months' imprisonment, and ordered him to pay restitution in the amount of $5,243,488.49.

No. 13-51029

## II.

Wargo first asks this court to overturn his guilty plea, contending that he was unaware of his right to appointed counsel and would not have pleaded guilty had he been informed of this right during the plea hearing. Because Wargo did not raise this issue in the district court, we review for plain error. FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *United States v. Vonn*, 535 U.S. 55, 59 (2002). If Wargo establishes (1) error, (2) that is plain, and (3) that affects his substantial rights, we proceed to the fourth prong, which affords us "the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted); *United States v. Olano*, 507 U.S. 725, 732 (1993).

Assuming *arguendo* that Wargo has satisfied the first two prongs of the plain error analysis, he has not met the third prong because he fails to show a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). During his guilty plea colloquy on August 19, 2011, Wargo unequivocally and repeatedly admitted his guilt. In the context of a guilty plea, a defendant's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Further, the record reveals that Wargo was well aware of his right to appointed counsel notwithstanding any omission by Judge Pitman. With the assistance of appointed counsel, Wargo signed a Waiver of Rule 40 Hearings on May 20, 2011, in which he acknowledged that he had been informed of the charges against him and that he had the right to "retain counsel or request the assignment of counsel if [he

is] unable to retain counsel." These facts belie his assertion that he was unaware of his right to appointed counsel.

Accordingly, we conclude that there is no "reasonable probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83. Any omission under Rule 11(b)(1)(D) did not, therefore, affect Wargo's substantial rights. *See United States v. Saucedo-Rios*, 439 F. App'x 316, 317 (5th Cir. 2011).

Wargo next argues that his plea was unknowing and involuntary because the district court did not advise him under Rule 11(b)(1)(G) of the nature of his offense or ensure that there was an adequate factual basis for the plea as required under Rule 11(b)(3). Because Wargo did not raise this issue in the district court, we review for plain error.

Wargo observes that he was not informed at the plea hearing that the government was required to prove that he intended to further a scheme to defraud. The record, however, shows that he understood that an element of the conspiracy was the intent to defraud the victims. Count One of the Indictment states:

> "Defendant[] . . . ROBERT A. WARGO . . . did unlawfully, knowingly, and willfully combine, conspire, confederate, and agree together and with each other and with others known and unknown . . . to knowingly devise or intend to devise a scheme or artifice to defraud investors and/or to obtain money or property by means of false or fraudulent pretenses, representations, or promises . . . ."

Further, during the plea hearing, Wargo's attorney acknowledged that Wargo "knowingly and intentionally entered a conspiracy in violation of [the] laws of the United States to commit . . . wire and mail fraud." Thus, Wargo fails to show that he would not have entered a guilty plea but for the omission; his substantial rights were not affected and there is no plain error. *See Puckett*, 556 U.S. at 135.

4

Regarding Wargo's assertion that there was no adequate factual basis for the plea as required under Rule 11(b)(1)(G), the court is not limited on plain error review to the defendant's admissions to determine whether there was a sufficient factual basis. *United States v. Trejo*, 610 F.3d 308, 317 (5th Cir. 2010). Instead, it considers the entire record, including the plea colloquy, the plea agreement, the Presentence Investigation Report ("PSR"), and "'fairly drawn' inferences from the evidence presented both post-plea and at the sentencing hearing." *Id.* (citing *United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006)).

Here, the Indictment is comprehensive and spans forty-four pages. It recounts Wargo's charged conduct in detail and, thus, is sufficiently specific to stand alone as the sole source of the factual basis for a guilty plea. *United States v. Garcia-Paulin*, 627 F.3d 127, 133 (5th Cir. 2010) ("If sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea."). Moreover, Wargo did not object to the facts contained in the PSR, which outlined Wargo's illegal conduct and was adopted by the district court without change. Accordingly, Wargo's assertion that the factual basis was insufficient to support his plea is unsupported by the record as a whole.

Moreover, under all of these circumstances, the district court was not required by the CJA to make an inquiry into Wargo's financial eligibility. *See* 18 U.S.C. § 3006A(c). Under our precedent, "[o]nce a defendant has been informed of the right to appointed counsel, it is incumbent upon the defendant to notify the court of his desire to have counsel appointed because of his financial inability to obtain counsel." *United States v. Foster*, 867 F.2d 838, 841 (5th Cir. 1989). Wargo argues that his retained counsels' motions to withdraw or be appointed as CJA counsel (which were filed without his

knowledge) triggered the court's obligation.  Even if true, however, the court denied counsels' request, and they continued to represent him conscientiously.  Only six weeks later, he pled guilty, knowing and admitting he was guilty, under a favorable plea agreement they negotiated.  Indeed, after pleading guilty, Wargo wrote a letter to his attorneys, stating that he felt "extremely fortunate to have [them] on [his] team," and was "counting on them for their assistance in upcoming proceedings."  The record offers no support for a conclusion that a different handling of the CJA request would have been beneficial to Wargo.

Finally, Wargo argues that the district court violated his Sixth Amendment right to counsel of his choice by failing to inform him of his right to appointed counsel.  For the reasons set forth above, Wargo's argument is unavailing; indeed, he was represented throughout by the counsel he had chosen and retained.  *See United States v. Hughey*, 147 F.3d 423, 428 (5th Cir. 1998) ("[T]his is not a case in which the district court's action resulted in the defendant being forced to trial with an inadequately prepared attorney or no attorney at all.").

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.