United States Court of Appeals,

Eleventh Circuit.

No. 95-8680

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Randy JONES, Defendant-Appellant.

June 17, 1998.

Appeal from the United States District Court for the Middle District of Georgia. (No. CR 94-3-MAC-DF), Duross Fitzpatrick, Judge.

Before COX and CARNES, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

On this appeal from a denial of a motion to withdraw a guilty plea, we follow the harmless error provisions of Rule 11(h) of the Federal Rules of Criminal Procedure, reject a *per se* rule for reversal, and hold that when a court accepting a guilty plea fails to verbally inform the defendant of a mandatory minimum sentence, that error may be harmless when a written plea agreement referred to during the plea colloquy properly describes the statutory mandatory minimum sentence.

While on probation for another crime, the defendant, Randy Jones, purchased two firearms at a pawnshop in Sandersville, Georgia. In order to buy the guns, Jones completed Bureau of Alcohol, Tobacco and Firearms paperwork in which he falsely asserted that he had never been convicted of a felony. Local police promptly learned that Jones had illegally purchased these firearms and confronted him. Jones returned the guns to the pawnshop where he had purchased them and received a refund. Two years later, Jones was arrested on federal charges of being a previously convicted felon in possession of a firearm and making false statements to the ATF.

Pursuant to an agreement with the government, he eventually pled guilty to being a felon in possession in violation of 18 U.S.C. § 922(g)(1). Prior to sentencing, Jones moved to withdraw his guilty plea under Rule 32(e). The district court denied that motion, and Jones now appeals, alleging a faulty Rule 11 proceeding and requesting permission to plead anew.

As required by Rule 11 of the Federal Rules of Criminal Procedure, the district court addressed the defendant in open court to ensure that Jones's guilty plea was both knowing and voluntary. Rule 11(c)(1) states that the court must determine that the defendant understands "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." As we have observed many times, there are three core principles that must be addressed by a court accepting a guilty plea: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Siegel,* 102 F.3d 477, 481 (11th Cir.1996).

Jones claims that at his Rule 11 colloquy, the court failed to address two of these concerns. *First,* he alleges that the court never went over the nature of the crime he was admitting to, being a convicted felon in possession of a firearm. *Second,* he notes that the district court failed to address the full consequences of a guilty plea. Jones faced a mandatory fifteen-year sentence as an armed career criminal because he had three prior convictions for burglary. The district court never informed him of this mandatory minimum sentence at his plea colloquy.

*First,* the district court adequately assured itself that Jones understood the crime to which he was pleading guilty. There are no hard and fast rules limiting a district court's conduct of a plea colloquy. Rule 11 simply requires that the defendant understand the nature of the charges. Any

proceeding that accomplishes this goal is sufficient to satisfy the Rule. The nature of Rule 11 proceedings may vary depending on the complexity of the charges and the sophistication of the defendant. *See United States v. Wiggins,* 131 F.3d 1440, 1442-43 (11th Cir.1997); *United States v. DePace,* 120 F.3d 233, 237 (11th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 1177, 140 L.Ed.2d 185 (1998). The crime of being a felon in possession of a firearm is easily understood. Possession alone is sufficient. The crime does not require any specific intent. *See United States v. Funches,* 135 F.3d 1405, 1408 (11th Cir.1998). Here, the district court identified the crime for the defendant, made sure that Jones had discussed the indictment with his lawyer, gave Jones the opportunity to ask questions, and had the prosecutor identify the conduct giving rise to the offense. The defendant specifically admitted all of the allegations made by the government, assured the court that he had a tenth grade education and had no mental impairments, and admitted his guilt. Under these circumstances, it is clear that the defendant's Rule 11 right to have the district court inform him of the nature of the charges was not violated.

*Second,* Jones correctly alleges that the district court did not tell Jones directly at the plea hearing that he faced a statutory, mandatory minimum of fifteen years in prison. The question is whether this error can be harmless, and if so, whether it was in this case.

In 1983, Rule 11 of the Federal Rules of Criminal Procedure was amended to add Rule 11(h), which instructs courts to disregard deviations from Rule 11 which do not affect a defendant's substantial rights. In general, the various circuits agree that if a review of the limited record in such cases reveals that a defendant clearly was aware of the information Rule 11 was designed to address, a district court's inadvertent failure to discuss those issues will be deemed to be harmless. *See United States v. Padilla,* 23 F.3d 1220, 1222 (7th Cir.1994); *United States v. Johnson,* 1 F.3d 296,

3

303-04 (5th Cir.1993) (*en banc* );  *United States v. Young,* 927 F.2d 1060, 1063 (8th Cir.), *cert. denied,* 502 U.S. 943, 112 S.Ct. 384, 116 L.Ed.2d 334 (1991);  *United States v. Williams,* 899 F.2d 1526, 1531 (6th Cir.1990).  If, however, an appellate court cannot be sure that the defendant was aware of any information required by Rule 11 to be discussed at the plea colloquy, the defendant should be permitted to withdraw his plea.  *See United States v. Smith,* 60 F.3d 595, 600 (9th Cir.1995).

The circuits appear to be split as to whether information in a plea agreement can cure a technical violation of Rule 11.  *Compare United States v. Williams,* 899 F.2d 1526, 1531 (6th Cir.1990) (plea agreement's discussion of supervised release cured district court's Rule 11 violation) *with United States v. Smith,* 60 F.3d 595, 599 (9th Cir.1995) ("courtroom recitals that the defendant has read the [plea] agreement simply do not take the place of the judge's telling the defendant the requisite Rule 11(c) information") (citations omitted).  The Fifth Circuit has rejected a *per se* rule for a harmless error analysis of Rule 11 violations.  *United States v. Johnson,* 1 F.3d 296, 301-03 (5th Cir.1993) (*en banc* ) (overruling prior opinions requiring *per se* reversal of failures by the district court to address one of Rule 11's three core principles and adopting a "straight-forward" harmless error standard).

The Eleventh Circuit places a greater emphasis than other circuits on the three "core principles" addressed by Rule 11:(1) that the guilty plea is not coerced;  (2) that the defendant understands the nature of the charges;  and (3) that the defendant knows and understands the consequences of his plea. *United States v. Siegel,* 102 F.3d 477, 481 (11th Cir.1996).  A defendant "is entitled to replead only if the district court's variance from the formal requirements of Rule 11 impinged upon the very rights they were designed to protect." *United States v. Zickert,* 955 F.2d

4

665, 667-68 (11th Cir.1992). When reviewing a district court's Rule 11 plea colloquy to ensure that the three core principles of Rule 11 were not infringed, we rely "solely on the basis of the record of the Rule 11 proceedings." *United States v. Quinones,* 97 F.3d 473, 475 (11th Cir.1996). Thus, if the record of the plea colloquy does not show compliance with the three core principles of Rule 11, the defendant must be permitted to withdraw his plea. *See Siegel,* 102 F.3d at 482; *Quinones,* 97 F.3d at 475; *Zickert,* 955 F.2d at 668. If the defendant does understand the plea and its consequences, then the plea colloquy did not violate the defendant's substantial rights and any technical errors are harmless. *See United States v. McCarty,* 99 F.3d 383, 386 (11th Cir.1996); *United States v. Carey,* 884 F.2d 547, 548-49 (11th Cir.1989), *cert. denied,* 494 U.S. 1067, 110 S.Ct. 1786, 108 L.Ed.2d 787 (1990).

In this case, the defendant pled guilty after negotiating with the government and signing a written plea agreement. The written plea agreement states that "the defendant fully understands that his plea of guilty ... will subject defendant to a mandatory minimum sentence of fifteen (15) years." The government also agreed to recommend that Jones receive this statutory minimum. During the plea colloquy, the district court referred to this agreement and the agreement was officially filed with the court at the Rule 11 hearing. Having signed the plea agreement after receiving the assistance of counsel, the defendant was well aware that he was facing a mandatory minimum sentence of fifteen years. Any doubt that the defendant might not have known about the mandatory minimum sentence is dispelled by two additional factors. *First,* prior to pleading guilty, the defendant was formally notified by the government that he was subject to an enhanced sentence as an armed career criminal, and he signed an acknowledgment form advising him that he faced a minimum of fifteen years in prison. *Second,* Jones has *never* claimed that he was actually ignorant of the fifteen-year

5

mandatory sentence, even in his brief on appeal. His argument boils down to the proposition that failure by a district court to verbally instruct a defendant at a Rule 11 plea colloquy of a statutory minimum is subject to a *per se* reversal, regardless of whether or not the defendant is actually aware of any mandatory minimums. Such a proposition would be inconsistent with the Rule 11(h) harmless error standard, though, and we do not accept it where the record shows that the Rule 11 hearing was conducted in the context of a signed and written plea agreement formally presented to the court.

Although a record that reveals a district court has failed to observe one of Rule 11's three core principles will not support a finding of harmless error, *see Siegel,* 102 F.3d at 482; and *Quinones,* 97 F.3d at 475, we have consistently considered written plea agreements to be part of the record of the Rule 11 hearing. *See United States v. Hourihan,* 936 F.2d 508, (11th Cir.1991); *United States v. Bell,* 776 F.2d 965, 969 (11th Cir.1985), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986). *See also United States v. Padilla,* 23 F.3d 1220, 1221-22 (7th Cir.1994) (looking to written plea agreement to determine if defendant knew of mandatory minimum sentence). We hold that where a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with. The defendant's substantial rights were not violated and the defendant's ability to withdraw his plea is committed to the discretion of the district court. *United States v. Buckles,* 843 F.2d 469, 471 (11th Cir.1988), *cert. denied,* 490 U.S. 1099, 109 S.Ct. 2450, 104 L.Ed.2d 1005 (1989).

AFFIRMED.