[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14238
Non-Argument Calendar

_____

D. C. Docket No. 05-00293-CR-1-CB-B-003

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN KENYON SPEARS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 15, 2007)

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Adrian Kenyon Spears appeals his convictions for possession of a firearm by

a convicted felon, in violation of 18 U.S.C. § 922(g)(1), arguing that the district court abused its discretion when it admitted evidence of facts related to a 1998 robbery during which he admitted that he possessed a pellet gun.

We review the district court's rulings on admission of evidence for an abuse of discretion. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003) (noting that properly-preserved evidentiary challenges are reviewed for abuse of discretion). "An abuse of discretion arises when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005) (citation omitted). Federal Rule of Evidence 103 provides that an "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected." Fed.R.Evid. 103(a). "The burden of demonstrating that substantial rights were affected rests with the party asserting error." United States v. Cameron, 907 F.2d 1051, 1059 (11th Cir. 1990). The verdict should stand where there is overwhelming evidence of guilt and the error did not influence the jury or had a slight effect. United States v. Malol __ F.3d __, 2007 WL 289650 at *9 (11th Cir. 2007).

Federal Rule of Evidence 404, "is a rule of inclusion, and [] accordingly [Rule] 404(b) evidence, like other relevant evidence, should not be excluded when

2

it is central to the prosecution's case." <u>Jernigan</u>, 341 F.3d. at 1280 (internal citations and quotations omitted).  The rule states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

Fed.R.Evid. 404(b).

To be admissible,  (1) Rule 404(b) evidence must be relevant to an issue other than the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and it must satisfy Rule 403.[1]  <u>Jernigan</u>, 341 F.3d at 1280.  We have elaborated on the third prong and stated that

> the probative value of the evidence must not be *substantially outweighed* by unfair prejudice. . . . [T]his determination lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness.

<u>Id.</u> at 1282 (internal citations and quotations omitted) (emphasis in original).  The stronger the government's case regarding intent or knowledge, the less probative

---

[1]Federal Rule of Evidence 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]"

extrinsic evidence concerning intent or knowledge is. Baker, 432 F.3d at 1205 (citation omitted).

"[W]e have 'generally held that if the extrinsic act requires the same intent as the charged offenses and if these acts are proximate in time to the charged offenses, then the extrinsic act is highly probative.'" Id. at 1205 (quoting United States v. Church, 955 F.2d 688, 702 (11th Cir. 1992) (emphasis in original)). Further, "[a] similarity between the other act and the charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense." United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005). In particular, the possession of a concealed firearm in a prior instance is relevant to the charge of possession of a firearm during the commission of a drug offense. United States v. Gomez, 927 F.2d 1530, 1534 (11th Cir. 1991).

The crime of being a felon in possession of a firearm does not require any specific intent. United States v. Jones, 143 F.3d 1417, 1419 (11th Cir. 1998). However, under Alabama law, first degree robbery is a specific intent crime that requires proof that the defendant used force with the intent to overcome the victim's physical resistance or compel acquiescence to the taking of his property, while the defendant was armed with a deadly weapon. Ala. Code § 13A-8-41(a).

4

Because Spears pled not guilty, he placed at issue whether he knew, or was in reckless disregard of whether, there was a firearm in Cherry Mobley's car when he borrowed it. Thus, the first prong was met because the evidence of the 1998 act made it more likely that he had the intent to and knowledge to possess a deadly weapon and he did not act because of mistake or accident. The second prong of the test was met when an officer who participated in the investigation of the 1998 robbery testified that Spears admitted to possessing a pellet gun during the robbery. While it is unclear whether Spears's conduct in the 1998 robbery has probative value with regard to the instant conduct, and further, whether its probative value is substantially outweighed by unfair prejudice, the district court's decision must not be reversed because the evidence against Spears was overwhelming. The jury heard evidence that Spears was in the possession of a clip matching the firearm. Further, he had admitted to a probation officer that he took possession of Mobley's firearm in order to have it evaluated. Finally, Mobley testified that Spears knew the gun was in the car when he borrowed it. Thus, in light of this significant evidence of guilt, Spears has not shown that the district court's error affected his substantial rights. Accordingly, we affirm.

**AFFIRMED.**