[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12423
Non-Argument Calendar

_____

D. C. Docket No. 06-00049-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARMELL DEMETRIUS JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(May 20, 2008)**

Before ANDERSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Karmell Demetrius Johnson appeals his convictions for (1) conspiracy to distribute and to possess with the intent to distribute more than 50 grams of crack cocaine, 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (count 1), and (2) using, carrying, or possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1) (count 11). Johnson argues that the district court failed to specifically inform him that the mandatory minimum term of imprisonment, and the only sentence that would be imposed, for count 1of the indictment was life imprisonment without release. Accordingly, he contends that the court failed to ensure that he understood the consequences of his guilty plea as required by Fed.R.Crim.P. 11. Johnson concedes, however, that this Court should review his claim for plain error because he failed to raise the Rule 11 issue in the district court. For the reasons set forth more fully below, we affirm Johnson's conviction.

When a defendant fails to assert a Rule 11 violation in the district court, he must show plain error on direct appeal to be entitled to relief. United States v. Vonn, 535 U.S. 55, 58-59, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002). "[A]

defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004). We may review the entire record when considering the effect of any error on the defendant's substantial rights. Vonn, 535 U.S. at 59, 122 S.Ct. at 1046; see also United States v. Jones, 143 F.3d 1417, 1420 (11th Cir. 1998).

Before the district court accepts a guilty plea, the court must address the defendant in open court and ensure that the defendant understands, inter alia, "any maximum possible penalty, including imprisonment, fine, and term of supervised release" and "any mandatory minimum penalty." Fed.R.Crim.P. 11(b)(1)(H), (I). Moreover, we have held that the district court "must ensure that the three core concerns of Rule 11 . . . have been met: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Lejarde-Rada, 319 F.3d 1288, 1289 (11th Cir. 2003) (quotation omitted). We provide a strong presumption of truth for statements made by the defendant during the plea colloquy. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

Here, the record indicates that Johnson was advised, both in the written plea agreement and at the change-of-plea hearing, of the statutory penalties that could be imposed following his guilty plea to count 1 of the indictment. The written plea agreement explicitly stated that the statutory penalties included a minimum sentence of 10 years' imprisonment and a maximum sentence of life imprisonment. The agreement went on to state, however, that based on the government's notice of enhancement, Johnson would be subject to a mandatory minimum sentence of life imprisonment as to count 1. Johnson signed the plea agreement, affirming that he had reviewed it with trial counsel and that he understood its terms.

At the change-of-plea hearing, the district court directly questioned Johnson about the plea agreement, and Johnson confirmed that he had reviewed it with counsel and that he understood its terms. The court explicitly advised Johnson of the statutory penalties applicable to count 1 of the indictment and went on to explain that the government had filed a notice of enhancement which, if the court found that Johnson was eligible based on his prior convictions, would subject him to a mandatory minimum sentence of life imprisonment. The court asked Johnson if he understood the consequences of his guilty plea as to count 1, and Johnson responded that he did. The district court further explained that parole had been abolished in the federal system and verified that Johnson understood that he would

4

not be released on parole during his term of imprisonment. There was no ambiguity in Johnson's statements to the court or other indication that he did not understand the proceeding.

Although the district court discussed the application of the Sentencing Guidelines and the imposition of a term of supervised release following Johnson's imprisonment, the court did not err in advising Johnson of these possibilities, as required under Rule 11, because it had not yet determined whether Johnson's prior convictions qualified him for a § 851 enhancement, or whether there were any grounds for a downward departure. See Fed.R.Crim.P. 11(b)(1)(H), (M). Moreover, Johnson never expressed any confusion as to the sentence he faced and never attempted to withdraw his plea. Further, to the extent Johnson argues that he was misled by the presentence investigation report ("PSI"), the record indicates that the PSI correctly stated that Johnson was subject to a mandatory term of life imprisonment as to count 1. Johnson stated that he had reviewed the PSI and did not object to it at sentencing. Accordingly, the district court satisfied the core concerns of Rule 11 and there was no plain error.

In light of the foregoing, Johnson's conviction is

**AFFIRMED.**