[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15535
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00477-CR-CC-8-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MAGANA BARAJAS,
a.k.a. Sope,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 12, 2009)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Jose Barajas appeals his conviction for conspiracy to possess with intent to

distribute at least five kilograms of cocaine base and at least 500 grams of methamphetamine. 21 U.S.C. § 846. Barajas argues for the first time on appeal that the district court failed to comply with Federal Rule of Criminal Procedure 11. We affirm.

When a defendant fails to raise an objection in the district court, we review for plain error. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam). To satisfy that standard, a defendant must establish an error that is plain and affects his substantial rights. Id. When he has pleaded guilty, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).

There was no plain error in Barajas's guilty plea. Barajas argues that the district court was required to inform him that he had agreed not to request a sentence below the guideline range. When it accepts a plea of guilt, the district court must comply with Rule 11 and address three "core principles" to "ensur[e] that [the] defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." Moriarty, 429 F.3d at 1019 (citing United States v. Jones, 143 F.3d 1417, 1418–19 (11th Cir. 1998)). The district court satisfied these requirements when it

determined that Barajas had knowingly and voluntarily waived his right to a trial and discussed with Barajas the applicable guideline range and the sentencing factors. See United States v. Mosley, 173 F.3d 1318, 1328 (11th Cir. 1999). Barajas cannot establish that any error affected his substantial rights because he was permitted to request a downward departure at his sentencing hearing, despite the terms of his plea agreement. Barajas also has not alleged that, but for the error, he would not have pleaded guilty.

Barajas's conviction is **AFFIRMED.**