UNITED STATES of America, Appellee,

v.

**Charles GRIER, Defendant–Appellant.**

**No. 08–1717–cr.**

United States Court of Appeals, Second Circuit.

June 19, 2009.

Charles F. Willson, Nevins & Nevins LLP, East Hartford, CT, for Appellant.

Carter H. Burwell, Assistant United States Attorney, of Counsel (Emily Berger, Assistant United States Attorney, of Counsel, Benton J. Campbell, United States Attorney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, SIDNEY H. STEIN, District Judge.*

## SUMMARY ORDER

Defendant-appellant Charles Grier challenges an April 22, 2008 judgment of conviction of the District Court sentencing him principally to 180 months' imprisonment after he pleaded guilty to unlawfully possessing a firearm after having been convicted of a felony, *see* 18 U.S.C. § 922(g)(1), and unlawfully possessing a firearm with a defaced serial number, *see* 18 U.S.C. § 922(k). Through counsel, defendant contends that his guilty plea was not knowing and voluntary and that the District Court erred in sentencing him by relying in part on facts it found by a preponderance of the evidence. Additionally, defendant has filed a supplemental brief, *pro se*, in which he posits that (1) the District Court improperly admitted prejudicial evidence at his sentencing hearing; (2) the presentence report improperly included evidence of attempted murder related to his conviction for possession of a firearm; (3) the District Court improperly found that defendant had committed attempted murder; (4) the District Court improperly discredited defendant's testimony at the sentencing hearing, while improperly crediting the testimony of the Government's witnesses; and (5) the District Court improperly calculated his guidelines range based on uncharged conduct that the Court found by a preponderance of the evidence. We assume the parties' familiarity with the facts and procedural history of the case.

■ Defendant argues that, in violation of the Rule 11 of the Federal Rules of Criminal Procedure, the District Court accepted his guilty plea without ascertaining whether there was a factual basis for the plea and without confirming that defendant understood the nature of the charges against him. *See* Fed.R.Crim.P. 11(b)(1)(G) ("Before the court accepts a plea of guilty[,] ... the court must inform the defendant of, and determine that the defendant understands ... the nature of each charge to which the defendant is pleading...."); Fed R.Crim. P. 11(b)(3) ("Before entering a judgment on a guilty plea, the court must determine that there

---

* The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

is a factual basis for the plea."). Because defendant did not challenge his plea before the District Court, we may review this claim only for plain error. *See United States v. Vaval,* 404 F.3d 144, 151 (2d Cir.2005). To demonstrate plain error, defendant must show "(1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quotation marks and internal citation omitted).

In this case, the District Court did not commit error, plain or otherwise, in accepting defendant's guilty plea. The record demonstrates that there existed a factual basis for defendant's guilty plea and that he was adequately informed of the charges against him. Indeed, the Government repeatedly asserted at the plea hearing that it was prepared to prove beyond a reasonable doubt each element of the crimes to which defendant pleaded guilty, and the District Court read the charges to defendant before asking him if he had any questions. *See United States v. Perkins,* 25 F.3d 114, 118 (2d Cir.1994) (noting that the elements of felon in possession of a firearm are "few and simple"); *cf. United States v. Jones,* 143 F.3d 1417, 1419 (11th Cir.1998) ("The crime of being a felon in possession of a firearm is easily understood.").

Defendant's contends that the District Court's failure to explain to defendant the interstate commerce element of each crime amounted to error because the Supreme Court's decision in *District of Columbia v. Heller,* —— U.S. ——, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), "makes the interstate commerce element [of 18 U.S.C. § 922(g)(1), (k) ] more difficult for the Government to prove." Appellant's Br. 26. That proposition is belied by the Supreme Court's explicit declaration—in *Heller,* no less—that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" and other similar offenses, 128 S.Ct. at 2816–18 & n. 26.

We reject out of hand defendant's contention that "*Apprendi [v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),] and its progeny require that a jury make factual findings based on proof beyond a reasonable doubt for any facts used to enhance a defendant's sentence." Appellant's Br. 36. In *Apprendi,* the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). Notwithstanding defendant's contention in this case, there is a constitutional violation under *Apprendi* only if a defendant's sentence exceeds the maximum sentence prescribed by statute. *See United States v. Crosby,* 397 F.3d 103, 109–12 & n. 6 (2d Cir.2005) ("[B]ecause judicial fact-finding under advisory guidelines cannot increase that lawful maximum, judicial fact-finding now encounters no Sixth Amendment difficulties."). Further, it is well settled that "[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives [*United States v.] Booker[,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ]." *United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir. 2005). Because it imposed a sentence that did not exceed the maximum statutory penalties established under 18 U.S.C. §§ 922(g)(1) and (k), the District Court did

not violate the constitutional rules articulated in *Apprendi* or *Booker*.

We have reviewed the arguments raised by defendant in his *pro se* supplemental brief and find them to be without merit.

## CONCLUSION

For reasons stated above, the March 26, 2008 judgment of the District Court is AFFIRMED.