[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12969
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-14059-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY BRIAN MOBLEY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 10, 2017)

Before ROSENBAUM, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jeffrey Brian Mobley appeals his sentence of 45 years (540 months) of imprisonment, imposed after he pled guilty to four counts of producing visual depictions of sexual exploitation of minors, in violation of 18 U.S.C. § 2251(a), (e), and two counts of distributing visual depictions of sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2), (b)(1).  Mobley presents three arguments on appeal.  First, he contends—for the first time on appeal—that his guilty plea was not knowing and voluntary because the district court failed to inform him of the mandatory minimum sentences for his offenses.  Second, he argues that the district court erred by applying an upward adjustment to his offense level, pursuant to U.S.S.G § 2G2.1(b)(5), because, in his view, the minor victim was not in his custody, care, or supervisory control.  Finally, Mobley maintains that his sentence is substantively unreasonable.  After careful review, we affirm.

## I.

Mobley first contends that the district court plainly erred during his plea colloquy by failing to inform him of the mandatory minimum penalties for his offenses, specifically the fifteen-year mandatory minimum for his § 2251 offenses.

We review for plain error when a defendant fails to object to a Rule 11 violation.  *United States v. DiFalco*, 837 F.3d 1207, 1220 (11th Cir. 2016); *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).  "We may correct a plain error only when (1) an error has occurred, (2) the error was plain, and (3) the error

affected substantial rights." *DiFalco*, 837 F.3d at 1220–21. To show an effect on substantial rights based on a Rule 11 violation, the defendant must show "a reasonable probability that he would not have entered the plea but for the error." *Id.* at 1224.

Under Rule 11, Fed. R. Crim. P., "a judge accepting a guilty plea from a defendant is required to inform the defendant of, and determine that the defendant understands, the rights he is surrendering and the consequences of his plea as well as determining that the plea is voluntary." *Id.*; Fed. R. Crim. P. 11(b). That means that the judge, at bottom, must ensure that the defendant understands the three "core concerns" embodied in Rule 11: "that (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant understands the consequences of his plea." *DiFalco*, 837 F.3d at 1224; *United States v. Jones*, 143 F.3d 1417, 1418–19 (11th Cir. 1998). To ensure that the defendant understands the consequences of his plea, the judge must tell the defendant of, among other things, the maximum penalty and any mandatory minimum penalty for his offense. Fed. R. Crim. P. 11(b)(1)(H), (I).

Initially, we note that Mobley may have waived his challenge to whether his plea was knowing and voluntary by failing to timely object to the magistrate judge's report recommending that the district court accept his guilty plea. Rule 59 of the Federal Rules of Criminal Procedure provides that the failure to object to a

magistrate judge's finding and recommendations "waives a party's right to review." Fed. R. Crim. P. 59(b)(1).

Here, after conducting his plea colloquy, the magistrate judge issued a report finding that Mobley had "acknowledged that he understood any possible minimum and maximum penalties which could be imposed in this case." Mobley did not object to that finding despite being informed of the opportunity to object and the consequences for not objecting. By failing to file any objections, he likely waived his current argument that he did not understand the minimum penalties. *See id.*

Even if the issue is not waived, however, Mobley has not shown that the magistrate judge committed any error in conducting the Rule 11 colloquy. Mobley claims that he did not understand the consequences of his plea because the magistrate judge did not inform him of the fifteen-year mandatory minimum penalty for the § 2251 offenses. But while the magistrate judge did not personally state the mandatory minimums, the government informed Mobley of the mandatory minimums for each of the counts at issue. And the magistrate judge then asked if Mobley understood the possible penalties he was facing "as to each count in the indictment as just stated on the record" by the government. Mobley said that he did.

We presume that Mobley's statements during the plea colloquy were true. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong

4

presumption that the statements made during the colloquy are true."). And nothing in the record contradicts Mobley's statement that he understood the possible penalties he was facing, including the mandatory minimums stated by the government. For instance, Mobley did not ask about the possible penalties during the plea colloquy or otherwise show surprise or confusion when the government advised of the mandatory minimums. Because during the plea colloquy Mobley was informed of, and said that he understood, the mandatory minimum penalties for his offenses, the district court did not err in accepting his guilty plea. *See DiFalco*, 837 F.3d at 1224.

## II.

Mobley next contends that the district court erred in finding that the minor victim was in his custody, care, or supervisory control for purposes of the U.S.S.G. § 2G2.1(b)(5) enhancement. We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Demarest*, 570 F.3d 1232, 1239 (11th Cir. 2009).

Section 2G2.1(b)(5) provides for a two-level guideline enhancement "[i]f the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant." U.S.S.G. § 2G2.1(b)(5). According to § 2G2.1's commentary, this enhancement "is intended to have broad application and includes offenses

5

involving a minor entrusted to the defendant, whether temporarily or permanently," such as "teachers, day care providers, baby-sitters, or other temporary caretakers." *Id*. § 2G2.1 cmt. n.3(A). The commentary further advises that courts should look to the "actual relationship that existed between the defendant and the minor" and not simply its legal status. *Id*.

The relevant facts, as derived from the presentence investigation report ("PSR") and the guilty-plea factual proffer, show that Mobley met the victim, L.U., in January 2014 at a youth program at which Mobley was a youth pastor. The minor was fourteen years old at the time. At some point thereafter, though the exact timing is unknown, the two entered into a sexual relationship, which included Mobley filming the minor and himself engaging in sexual activities. The indictment charged conduct occurring from February 2015 to September 2015. Mobley ceased being a youth pastor in December 2014.

At sentencing, the district court applied § 2G2.1(b)(5) over Mobley's objection. Mobley had argued that the enhancement did not apply because there was no evidence that any criminal conduct occurred while he was employed as a youth pastor or while he otherwise exercised custody, care, or control over L.U. The district court applied the two-level enhancement because his position as a youth pastor "put him in custodial supervisory position as to the minor child."

6

On appeal, Mobley maintains that his prior role as the minor's youth pastor cannot be used to apply the enhancement when there is no evidence that any part of the offense occurred while he was employed as a pastor or in circumstances where he exercised custody or control over the minor. The government, citing the Ninth Circuit's decision in *United States v. Brooks*, 610 F.3d 1186, 1200–01 (9th Cir. 2010), responds that the enhancement was appropriate because Mobley exploited a "pre-existing parent-like relationship" with the minor.

Ultimately, however, we need not and do not decide whether the district court erred in applying § 2G2.1(b)(5) because any error was harmless. Even assuming that the court erred, the record is clear that Mobley's total offense level would have remained the same. Mobley's total adjusted offense level for all six counts, including the two-level custody enhancement, was 49. However, a total offense level of more than 43 is treated as an offense level of 43 pursuant to U.S.S.G. ch. 5, pt. A, cmt. n.2, so the court determined that Mobley's total offense level was 43. Without the two-level custody enhancement, Mobley's total adjusted offense level would have been 47, which the district court still would have been obligated to treat as 43. *See United States v. Sarras*, 575 F.3d 1191, 1220 n.39 (11th Cir. 2009) (holding an error harmless in the same circumstances). Because Mobley's offense level would have remained the same without the enhancement, if any error occurred, it was harmless.

## III.

Finally, Mobley contends that his total sentence of forty-five years of imprisonment is substantively unreasonable.  We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).  A district court abuses its discretion under this standard only if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation marks omitted).  The party challenging the sentence bears the burden of demonstrating that the sentence "is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Id.*

Given the substantial deference afforded sentencing courts, we cannot say that Mobley's forty-five-year sentence is substantively unreasonable "under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors." *See United States v. Johnson*, 803 F.3d 610, 618 (11th Cir. 2015).  At the outset, we note that Mobley's sentence reflected a downward variance from the life sentence recommended by the Sentencing Guidelines.  Mobley was 24 years old at the time of sentencing, and the court made clear that it did not want to impose a life sentence and that it wanted to give Mobley some hope for release in the future.

8

That Mobley was sentenced below the advisory guideline range indicates that the sentence is reasonable. *See Sarras*, 575 F.3d at 1220 (stating that "we ordinarily expect sentences within the advisory guidelines range to be reasonable"). Moreover, we have recognized that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offense, and courts have upheld lengthy sentences in these cases as substantively reasonable." *Id.* at 1220–21 (collecting cases).

Nor can we say that the district court's choice of sentence was unreasonable based on the facts of this case. The district court has discretion to give greater weight to some § 3553(a) factors over others. *See Rosales-Bruno*, 789 F.3d at 1254. In doing so, "a court may (and should) consider individualized, particularized, specific facts and not merely the guidelines label that can be put on the facts." *Rosales-Bruno*, 789 F.3d at 1260. Here, the court relied on, among other factors, the seriousness of Mobley's offense and the need to protect the public. *See* 18 U.S.C. § 3553(a)(2)(A), (C). We may not "reweigh the factors" ourselves. *Johnson*, 803 F.3d at 620.

Describing the crime as "very, very despicable," the district court was particularly disturbed by Mobley's exploitation of his position as a youth pastor in a church. Even if Mobley's conduct did not technically qualify for the custody enhancement under § 2G2.1(b)(5), the court was permitted to consider the fact that

9

Mobley's sexual relationship with the minor developed out of his pastoral relationship with her. *See Rosales-Bruno*, 789 F.3d at 1260. And the court reasonably viewed that conduct as an aggravated factor at sentencing. The court also stressed the effect on the minor victim, stating that Mobley's conduct would "affect her the rest of her life." Plus, Mobley's conduct with L.U. was not an isolated incident. Mobley victimized another minor from the church youth group in similar ways as L.U. In both instances, Mobley used his position of trust and authority to befriend the minors and eventually encourage them to engage in sexual activities with him. In light of these facts, the court's explanation of its sentence, and the lengthy sentences we have upheld in cases involving child sex crimes, we cannot say that the court committed a clear error of judgment in weighing the § 3553(a) factors.

Mobley argues that the district court erred by considering improper factors at sentencing. We disagree. Mobley cites the court's comments about wanting to give him a reason to behave in prison. But, in context, the court's comments simply reflect its determination that a life sentence, with no realistic possibility of release, was greater than necessary to serve the purposes of sentencing. We see nothing improper in the court's comments, nor is there any indication that the court's consideration of his likelihood of behaving in prison resulted in a longer sentence. If anything, it reduced his sentence. Mobley also points to the court's

10

consideration of a letter he sent to a friend to give to another minor while this case was pending, but the court properly considered the letter as part of Mobley's history and characteristics. *See* 18 U.S.C. § 3553(a)(1).

Finally, Mobley's contention that the district court failed to address his arguments for a downward variance is unavailing. The district court need not specifically address every mitigating factor raised by a defendant in order for the sentence to be substantively reasonable. *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010). And the record is clear that the court heard and considered Mobley's arguments in mitigation, including his lack of criminal history and the sexual and physical abuse he suffered as a child, but simply weighed the § 3553(a) factors differently and found that a more severe sentence was appropriate. For the reasons explained above, the district court did not abuse its discretion in doing so.

**AFFIRMED.**