[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11666
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20731-JIC-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL JARROD ANTHONY,
a.k.a. PJ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 31, 2018)

Before MARTIN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Paul Anthony appeals his conviction for conspiring to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846.  Anthony contends for the first time on appeal that the district court erred by failing to advise him during his plea colloquy that his sentence could be enhanced under the relevant career offender guidelines.  Anthony also asserts the government breached his plea agreement by affirmatively misleading him as to the sentence that he would receive.  After review, we affirm.

## I.   The Plea Colloquy

A court accepting a guilty plea must address three core concerns underlying Federal Rule of Criminal Procedure 11: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea."  *United States v. Jones*, 143 F.3d 1417, 1418-19 (11th Cir. 1998) (quotation omitted).  Anthony contends the district court violated both Rule 11 and his right to due process, citing its failure to disclose, during Anthony's plea colloquy, that his sentence would likely be enhanced pursuant to the career offender guideline provisions.

As Anthony did not raise this alleged Rule 11 violation before the district court, our review is for plain error.  *United States v. James*, 210 F.3d 1342, 1343 (11th Cir. 2000).  The same standard of review applies to Anthony's unpreserved

2

due process claim. *United States v. Orisnord*, 483 F.3d 1169, 1176 n.3 (11th Cir. 2007). "It is the law of this Circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).[1] Anthony has not identified any portion of Rule 11 (or any other rule or statute) requiring a district court to inform a defendant during his plea colloquy that he will likely receive a career offender enhancement. Nor has Anthony identified any precedent from the Supreme Court or this Court imposing such a requirement. Accordingly, our precedent dictates that the district court did not plainly err.

## II.   The Plea Agreement

"Whether the government violated the [plea] agreement is judged according to the defendant's reasonable understanding at the time he entered the plea." *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992). If the Government disputes the defendant's understanding, we determine the terms of the plea agreement according to objective standards. *Id.* Again, because Anthony did not raise the Government's alleged breach of his plea agreement before the district

---

[1] Under our prior precedent rule, a panel cannot overrule a prior panel's holding unless and until that holding is overruled by this Court sitting *en banc*, or by the Supreme Court. *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998).

3

court, our review is for plain error.  *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008).

Here, the Government did not breach the plea agreement.  Although the plea agreement states that the offense level associated with the quantity of cocaine that Anthony possessed was 24, it emphasizes that the Government is not promising a sentence based on that offense level.  To the contrary, it provides:

> defendant is also aware that any estimate of the probable sentencing range . . . whether that estimate comes from . . . the government . . . is a prediction, *not a promise*, and is *not binding on the government . . . or the court*.

(emphasis added).  The plea agreement explains that the district court will compute an advisory sentence after considering the Federal Sentencing Guidelines and Policy Statements and the Pre-Sentence Investigation Report, which will be prepared only after the plea is entered.  The plea agreement also stresses that the court can depart from whatever advisory sentence it computes and impose up to a statutory maximum term of twenty years' imprisonment.

Given those express terms, which Anthony reviewed, stated that he understood, and agreed to, it would have been unreasonable for Anthony to have expected that he would be sentenced based on an offense level of 24.  Because it would have been unreasonable for him to have expected such a sentence, Anthony has not shown that receipt thereof was a term of his plea agreement.

**AFFIRMED.**

4