[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13244

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN JAMES WALKER COMMON,
a.k.a. JJ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 3:19-cr-00235-LCB-SGC-1

———————————————

Before ROSENBAUM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

John Common appeals the denial of his motion to withdraw his guilty plea. He argues that the District Court abused its discretion by denying his motion to withdraw his guilty plea because the District Court failed to inform him of the maximum sentences he faced at his Federal Rule of Criminal Procedure 11 hearing.[1] We affirm the denial of the motion to withdraw Common's guilty plea on the ground that he was informed by his attorney of the possible maximum sentences prior to pleading guilty.

## I.

Common pleaded guilty to two drug-related counts on October 23, 2020. The plea agreement stated that "the maximum statutory punishment" for the first count is "[i]mprisonment for not less than 5 years." The agreement also stated that "the maximum statutory punishment" for the second count is "[i]mprisonment for not less than 10 years." The District Court accepted Common's plea agreement on the same day after engag-

---

[1] Common also argues that the appeal waiver in his plea agreement does not apply here. Because the government does not address this argument in its brief and we nevertheless affirm the District Court's order, we assume without deciding that this appeal is not barred by the waiver.

ing in a colloquy with Common and his attorney ("Attorney Two"). The attorney that represented Common at this Change of Plea Hearing was Common's second attorney in this case.

On January 19, 2021, at what was supposed to be Common's Sentencing Hearing, Attorney Two orally moved the Court to permit Common to withdraw his guilty plea. Common, addressing the District Court personally, pointed to disagreements with the presentence report and a breakdown in the relationship between Common and Attorney Two. The District Court did not rule on Common's oral motion. Rather, the District Court appointed a new attorney ("Attorney Three") to represent Common going forward.

Attorney Three filed a written motion to withdraw Common's guilty plea on April 23, 2021, arguing in part that "the Court did not advise Mr. Common of the statutory maximum sentence available for each of th[e] charges" at Common's Rule 11 plea hearing. The District Court held a hearing on this motion on May 24, 2021, at which Attorney Two testified. In relevant part, Attorney Two testified that Common's first attorney had discussed the maximum punishment—life imprisonment—with Common before Attorney Two had taken over the representation. Attorney Two also testified that, even though Common "never would agree with [him] that [Common] was facing a life sentence," Attorney Two told Common in "just about every conversation" with him that he faced a potential life sentence.

The District Court issued an order ("Order") denying Common's motion to withdraw his guilty plea on July 13, 2021. Applying Rule 11, the District Court found that its failure to inform Common of the maximum sentence at his Rule 11 plea hearing was harmless because (1) Common stated at the plea colloquy that he understood the Guidelines sentence range and (2) Attorney Two testified at the May 24 hearing that he had gone over the potential maximum penalties with Common before he pleaded guilty. Implicit in the Order is a finding that Attorney Two's testimony at the May 24 hearing was credible. Though Attorney Three cross-examined Attorney Two at the May 24 hearing, the District Court found Attorney Two's testimony worthy of belief. Common appeals the denial of this motion.

## II.

Rule 11(b) of the Federal Rules of Criminal Procedure "sets out procedures that district courts must follow when accepting guilty pleas" to ensure that a defendant's plea is entered voluntarily and knowingly. *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018). In other words, for a defendant to knowingly and voluntarily enter a plea, the plea must comply with Rule 11. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam). One of Rule 11's procedures is informing the defendant of, and ensuring that he understands, the maximum statutory term of imprisonment. Fed. R. Crim. P. 11(b)(1)(H).

However, a variance from Rule 11's requirements is harmless error if it does not affect the defendant's substantial rights.

Fed. R. Crim. P. 11(h).    The purpose of the harmless-error rule in Rule 11(h) is to end the automatic vacation of a guilty plea based on any Rule 11 error. *United States v. Monroe*, 353 F.3d 1346, 1356 (11th Cir. 2003).

We review a District Court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (per curiam). "A district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (per curiam) (quotation omitted). Common does not assert that the District Court applied the wrong legal standard. In fact, it is clear that the District Court properly applied the harmless error provision in Rule 11(h) in its Order. Therefore, we construe Common's appeal as a challenge that the District Court's implicit finding that Attorney Two was truthful at the May 24 hearing was clearly erroneous. For a factual finding to be clearly erroneous, we must be left with a definite and firm conviction that a mistake has been committed. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).

Specifically, in discussing the Rule 11 requirement that a court inform a defendant of the nature of the charges against him, Fed. R. Crim. P. 11(b)(1)(G), the United States Supreme Court has stated that "the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the

charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S. Ct. 2398, 2405 (2005). We have also previously held that where a review of the record "reveals that a defendant clearly was aware of the information Rule 11 was designed to address, a district court's inadvertent failure to discuss those issues will be deemed to be harmless." *United States v. Jones*, 143 F.3d 1417, 1419 (11th Cir. 1998) (per curiam).

## III.

The District Court did not abuse its discretion by denying Common's motion to withdraw his guilty plea. Although the District Court and plea agreement did not explicitly inform him of the statutory maximum sentences, the District Court's finding that his substantial rights were not affected because his attorney had apprised him of the potential consequences several times before he pled guilty was not clearly erroneous. Accordingly, we affirm.

**AFFIRMED.**