[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10684

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HYRAM FRANKLIN PATTON,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:20-cr-00006-ECM-KFP-1

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Hyram Franklin Patton appeals his conviction for possession of a firearm by a convicted felon. The government, in turn, moves for summary affirmance and to stay the briefing schedule.

I.

In 2020, a grand jury charged Patton with one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g). Patton, through counsel, initially pled not guilty. Patton then moved to suppress all evidence gathered, and any statements made, during a traffic stop, car search, and subsequent interrogation that took place in January 2019 based on the officer unlawfully prolonging the stop.

A magistrate judge issued a report and recommendation finding that the officer did not unlawfully prolong the stop. The report and recommendation advised parties that they could file objections within a period of time and warned them that a failure to do so would waive their right to challenge on appeal any proposed determinations except on grounds of plain error or manifest injustice. Neither party objected, the district court adopted the report and recommendation, and denied the motion to suppress.

Patton pled guilty and consented to enter a guilty plea before the magistrate judge. After the magistrate judge conducted a change of plea hearing, the magistrate judge found that he entered

a knowing and voluntary plea supported by an independent basis of fact. The magistrate judge issued an oral report recommending that the district court accept the plea, which it later did.

The district court ultimately sentenced Patton to 57 months' imprisonment, followed by 3 years' supervised release. Patton appealed his conviction.

On appeal, the Patton primarily argues that that the district court plainly erred by denying his motion to suppress evidence from the traffic stop. He does not expressly address the impact of his guilty plea on his ability to present his arguments on appeal, nor does he challenge the validity of his plea.

Rather than responding the government moves for summary affirmance and to stay the briefing schedule, arguing that Patton cannot challenge on appeal the district court's denial of his motion to suppress because he entered an unconditional, knowing and voluntary guilty plea that waived all non-jurisdictional defects.

## II.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . ." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance or summary reversal shall postpone the due date for the filing of any remaining brief until we rule on such motion. 11th Cir. R. 31-1(c).

Normally, we use a mixed standard of review when reviewing denials of a motion to suppress. *United States v. Dixon*, 901 F.3d 1332, 1338 (11th Cir. 2018). We review findings of fact for clear error and legal conclusions *de novo*. *Id.* All facts are construed in the light most favorable to the prevailing party below. *Id.* A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. 11th Cir. R. 3-1. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice. *Id.*

Arguments not raised in an initial brief are abandoned. *Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings. *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003). Therefore, when a defendant enters an unconditional plea, he can ordinarily challenge on appeal only (1) the district court's jurisdiction over the case or (2) his sentence. *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). If a defendant wished to preserve a non-jurisdictional ground for appeal, he would have had to have entered a conditional plea in accordance with Fed. R. Crim. P. 11(a)(2). *Id.* A conditional plea

needs to be consented to by the district court and the government. *Id.*

Under Rule 11, before a court can accept a guilty plea, it must inform the defendant of his rights should he plead not guilty, the nature of the charges against him, the potential penalties, and the court's obligation to calculate his advisory guideline range. *See* Fed. R. Crim. P. 11(b)(1)(B)–(E), (G)–(M). The court must also explain that a guilty plea waives the defendant's trial rights and ensure that the plea is entered voluntarily and is supported by a sufficient factual basis. *See* Fed. R. Crim. P. 11(b)(1)(F), (b)(2)–(3). Further, the court must explain that the defendant can be prosecuted for perjury for testifying falsely under oath. See Fed. R. Crim. P. 11(b)(1)(A).

In evaluating whether a Rule 11 error has affected a defendant's substantial rights, we have examined Rule 11's three "core principles," which are ensuring that: (1) the guilty plea is free of coercion; (2) the defendant understands the nature of the charges against him; and (3) the defendant understands the direct consequences of the guilty plea. *Presendieu*, 880 F.3d at 1238. Regarding the first core principle, Rule 11(b)(2) elaborates that the court must ensure that the plea did not result from force, threats, or promises not included in the plea agreement. Fed. R. Crim. P. 11(b)(2). Whether the court has complied with the second core principle depends on a variety of factors, including the complexity of the offense and the defendant's intelligence and sophistication. *Presendieu*, 880 F.3d at 1238–39. To comply with the third core

principle, the district court must inform the defendant of the rights that he gives up by pleading guilty, the court's authority to impose certain punishments, and the possibility of a perjury prosecution for false statements during the plea colloquy. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005); *see also* Fed. R. Crim. P. 11(b)(1).

Ultimately, to show that an unpreserved Rule 11 error affects substantial rights, a defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (explaining that the *Dominguez Benitez* requirement is a way to show the third prong of the plain error test). We have indicated that, for Rule 11 error to substantially prejudice a defendant's rights, it must be tantamount to the district court's "total or almost total failure to address a Rule 11 core concern," as distinct from a situation in which the court "adequately addressed the three core concerns but slipped up and failed to cover explicitly one item in the Rule 11 list." *United States v. Monroe*, 353 F.3d 1346, 1355 (11th Cir. 2003) (quotation marks omitted). If an error committed during a plea colloquy does not affect one of Rule 11's core principles, and it is clear that the defendant understands the plea and its consequences, any error is harmless. *United States v. Jones*, 143 F.3d 1417, 1420 (11th Cir. 1998).

Here, we grant the motion for summary affirmance. As an initial matter, Patton does not expressly challenge the validity of

his guilty plea, meaning any arguments in that respect are abandoned. *Sapuppo*, 739 F.3d at 680.

However, even if Patton implicitly raised that argument, his plea was still valid. The magistrate judge complied with Rule 11 and the first core principle by confirming that his guilty plea was free from coercion. *Presendieu*, 880 F.3d at 1238. Patton confirmed that his plea had not been induced by any threats or promises, that he was satisfied with his trial counsel's representation, and that he had committed the acts stated in the factual basis for the plea. Thus, there was no indication of coercion in the record.

Second, the magistrate judge confirmed that Patton understood the nature of the charges against him. *Presendieu*, 880 F.3d at 1238. Patton confirmed that he could read and write, had a GED, and had read and understood the charges against him. He also confirmed that he was not under the influence of any drugs or medication and did not suffer from mental illness. The magistrate judge explained to him the charges in the indictment and the elements thereof, and he confirmed that he understood them. Further, the factual basis his attorney recited was accurate. Thus, the colloquy demonstrated that Patton understood the nature of the charges against him.

Third, the magistrate judge confirmed that Patton understood the consequences of his guilty plea. *Presendieu*, 880 F.3d at 1238. Patton confirmed that he understood the punishments he could face. The magistrate judge informed him of the collateral consequences of a felony conviction, the possibility of restitution,

and that any statements he made during the colloquy could be used against him in a future prosecution for perjury or making a false statement. The magistrate judge informed him that: (i) he had the right to plead not guilty and (ii) the right to a trial by jury, (iii) the government would have to prove his guilt beyond a reasonable doubt, (iv) he had the right to counsel at trial, (v) he could cross-examine witnesses and call his own witnesses, (vi) he could testify or not testify at trial, and (vii) if he chose not to testify that choice could not be used against him. Additionally, the magistrate judge noted that he could not challenge how the government had acquired evidence. Further, even if the district court had omitted things in its colloquy, he would not be able to show that but for that error, he would not have pled guilty. *Dominguez Benitez*, 542 U.S. at 83; *see Monroe*, 353 F.3d 1346, 1355.

Because Patton entered a valid guilty plea, he waived all non-jurisdictional arguments on appeal. *Patti*, 337 F.3d at 1320. Further, there is no evidence in the record showing his plea agreement was a conditional plea. *See id.* Therefore, he waived his motion to suppress arguments, and we affirm the decision of the district court based on that waiver.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance and deny its motion to stay the briefing schedule as moot per 11th Cir. R. 31-1(c). *Groendyke Transp., Inc.*, 406 F.2d at 1162.