[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13616
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20879-UU-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL CASAMAYOR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 5, 2018)

Before MARTIN, JILL PRYOR, and HULL, Circuit Judges.

PER CURIAM:

Following a remand by this Court for resentencing on one count, Daniel Casamayor Rojas ("Casamayor") appeals his total sentence of 262 months' imprisonment on multiple counts relating to his planned robbery of a marijuana "grow house." After review, we affirm Casamayor's sentence.

## I. BACKGROUND FACTS

### A. Guilty Plea and Original Sentencing

In 2014, Casamayor pled guilty to: (1) conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); (2) conspiring to possess with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846 (Count 2); (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 3); (4) conspiring to use and carry a firearm during and in relation to the crime of violence charged in Count 1 and the drug trafficking crime charged in Count 2, and to possess the firearm in furtherance of those crimes, in violation of 18 U.S.C. § 924(o) (Count 5); and (5) using and carrying a firearm during and in relation to the crime of violence charged in Count 1 and the drug trafficking crime charged in Count 2, and to possess a firearm in furtherance of those crimes, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 6).

At an October 2014 sentencing hearing, the district court determined, inter alia, that Casamayor qualified as a career offender under the Sentencing Guidelines

and as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1)(B). Over Casamayor's objection, the district court further concluded that Casamayor's 2008 Florida conviction for fleeing-at-high-speed was a crime of violence for purposes of U.S.S.G. § 4B1.2(a). The district court did not identify which of Casamayor's many other felony convictions supported his ACCA status.

As a result of Casamayor's career offender status, the district court determined that Casamayor's advisory guidelines range of 262 to 327 months was preset for all five counts of conviction by the career offender table in U.S.S.G. § 4B1.1(c). The district court denied Casamayor's request for a downward variance and chose a 262-month total sentence, at the low end of the advisory guidelines range. Specifically, the district court's total 262-month sentence was composed of: (1) concurrent 202-month sentences on Counts 1, 3 and 5; (2) a 60-month sentence on Count 2, to run concurrent with Counts 1, 3, and 5; and (3) a 60-month sentence on Count 6 to run consecutive to all the other counts.

## B.    First Appeal and Remand

In his first appeal, Casamayor argued, inter alia, that he did not qualify as either a career offender under the Sentencing Guidelines or as an armed career criminal under the ACCA. Citing the then-pending Supreme Court case of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), Casamayor argued

3

that his 2008 Florida fleeing-at-high-speed conviction no longer qualified as a predicate offense for either designation because the residual clauses for both U.S.S.G. § 4B1.2(a) and the ACCA were unconstitutionally vague.  While Casamayor's appeal was pending, the Supreme Court issued Johnson, which held that the ACCA's residual clause was unconstitutionally vague.  Id. at ___, 135 S. Ct. at 2563.

On direct appeal, this Court affirmed Casamayor's career offender designation, explaining that Johnson did not address the career offender provisions of the Sentencing Guidelines and that we were bound by United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015), in which this Court had already held that § 4B1.2(a)'s residual clause was not unconstitutionally vague in light of Johnson. See United States v. Casamayor, 643 F. App'x 905, 911-12 (11th Cir. 2016). Thus, we affirmed Casamayor's sentences on Counts 1, 2, 5, and 6.  Id. at 912.

As to Casamayor's ACCA-enhanced sentence on Count 3, however, this Court noted that the district court had not identified which of Casamayor's prior felony convictions it relied upon.  Id. at 911.  Thus, the Court vacated "Casamayor's sentence on Count 3 and remand[ed] for resentencing on that count."  Id. at 912.  In so doing, the Court stated that on remand, the district court should "determine in the first instance whether the ACCA-enhanced sentence of

202 months on Count 3 may be supported by any of Casamayor's other prior felony convictions and if so under what clause." Id. at 911.

## C.    Resentencing on Remand

Prior to resentencing, the probation office filed an addendum to the presentence investigation report ("PSI"). The addendum identified these four of Casamayor's prior convictions that qualified as violent felonies under the ACCA's elements clause: (1) a September 6, 2001 Florida conviction for aggravated assault with a deadly weapon, under Florida Statutes §§ 784.021(1)(A) and 775.087(1); (2) a January 31, 2012 Florida conviction for strong-arm robbery that occurred on December 22, 2010, under Florida Statutes §§ 812.13(2)(C) and 777.011; (3) a separate January 31, 2012 Florida conviction for armed robbery with a firearm or deadly weapon that occurred on December 11, 2010, under Florida Statutes §§ 812.13(2)(A), 921.0024(1)(B), and 775.087; and (4) a separate January 31, 2012 Florida conviction for strong-arm robbery, under Florida Statutes §§ 812.13(2)(C) and 777.011, and aggravated battery with great bodily harm, under Florida Statutes §§ 784.045(1)(a)1 and 777.011, both of which occurred on January 8, 2011.

Casamayor filed written objections to the PSI. As to his status under the ACCA, Casamayor did not dispute that he had the predicate convictions listed in the addendum. Instead, Casamayor argued that his convictions for aggravated

5

assault and strong-arm robbery did not qualify as ACCA predicate offenses, and thus he did not qualify as an armed career criminal. Casamayor contended that both of these Florida offenses could be committed "without the use of physical force against the person of another." Casamayor also objected to his career offender status under the Sentencing Guidelines, arguing that his Florida conviction for fleeing-at-high-speed no longer qualified as a crime of violence because the Sentencing Commission had recently amended the career offender guideline to delete the residual clause.

The government responded that all of Casamayor's ACCA predicate convictions qualified under the elements clause, which Johnson left undisturbed. As for Casamayor's career offender status, the government argued that because this Court already had concluded that Casamayor was a career offender during his first appeal, the law of the case doctrine precluded him from challenging that designation at resentencing. Alternatively, the government contended that Casamayor had multiple alternative felony convictions on which to base his career offender status.

At resentencing, the district court reviewed this Court's instruction to determine whether any of Casamayor's prior felony convictions supported his ACCA-enhanced sentence on Count 3. Casamayor conceded that his January 2012 conviction for armed robbery with a firearm or deadly weapon qualified as a

violent felony for ACCA purposes.  Over Casamayor's objection, the district court concluded that, in addition to that 2012 armed robbery conviction, Casamayor's 2001 conviction for aggravated assault with a deadly weapon, his two separate January 2012 convictions for strong-arm robbery, and his January 2012 conviction for aggravated battery with great bodily harm also qualified as violent felonies under the ACCA's elements clause.

Casamayor pointed out that the Sentencing Commission's removal of the residual clause from the career offender provision would go into effect in about 60 days.  Casamayor argued that he expected the Sentencing Commission to make the amendment retroactive and therefore the district court should reduce his sentence now to avoid a future 18 U.S.C. § 3582(c) motion.  The district court declined to do so, stating that it would address that issue if the amendment was made retroactive.

After the defendant's allocution, the district court resentenced Casamayor to the same 262-month total sentence, consisting of 202-month concurrent sentences on Counts 1, 3, and 5, a 60-month sentence on Count 2 to run concurrent with Counts 1, 3, and 5, and a consecutive 60-month sentence on Count 6.

7

## II.  DISCUSSION

### A.    Casamayor's Newly Raised Challenges to His Guilty Plea

For the first time in this second appeal, Casamayor argues that his guilty plea to all five counts was invalid for various reasons.  Because Casamayor could have, but did not, challenge his guilty plea in his first appeal, his present argument as to his plea is barred by the doctrine of the law of the case.

"Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case."  United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997).  Under the doctrine, district court rulings that have not been challenged on a first appeal will not be disturbed in a subsequent appeal.  See id. at 1560-61 (holding that, because the defendant had the opportunity to appeal the determination as to the amount of drugs in his first appeal but failed to do so, the law of the case barred him from litigating that issue in his second appeal).  Further, "an appellant should raise all trial errors in his appeal of the judgment and sentence," and an appellant is deemed to have waived his right to raise issues on a second appeal that he did not raise in his first.  United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-83 (11th Cir. 1989) (quotation marks omitted) (holding that a defendant who failed to raise challenges to his trial in his first appeal was deemed to have waived review of those issues in his second appeal and would not get "two bites at the appellate apple").

8

Moreover, none of the exceptions to the law of the case doctrine apply here, as no new evidence about Casamayor's plea was presented on remand, there was no intervening decision applicable to Casamayor's guilty plea, and there has been no showing of a manifest injustice. See Baumer v. United States, 685 F.2d 1318, 1320 (11th Cir. 1982). Thus, Casamayor's challenge to his guilty plea is barred by the law of the case doctrine.

Alternatively, even if we addressed Casamayor's guilty plea claims, our review would be for plain error, and Casamayor has shown none. See United States v. Moriarty, 429 F.3d 1012, 1018-19 (11th Cir. 2005). First, there was a sufficient factual basis to support Casamayor's guilty plea to each count.[1] At his plea colloquy, Casamayor agreed to every fact in his factual proffer, which stated that Casamayor and his co-conspirators agreed to rob a marijuana growhouse, met to plan the robbery and decided that they needed to use firearms during the robbery, and then were arrested while driving to a rendezvous point with loaded firearms. The proffer stated that following his arrest, Casamayor provided post-Miranda statements acknowledging his involvement in coordinating the drug-related robbery conspiracy, including contacting one co-conspirator and securing her help to find another gunman and then meeting the other gunman to discuss the

---

[1]On appeal, Casamayor does not challenge his conviction on Count 3 for being a felon in possession of a firearm.

robbery's execution.  The proffer also stated that the parties agreed that the conspiracy would have obstructed, delayed, or affected interstate commerce.

Based on Casamayor's factual proffer, the district court did not err in concluding as to Count 1 that Casamayor: (1) agreed to commit a robbery of a marijuana operation, which constitutes economic activity that affects federal commerce; (2) knew of the conspiracy's goal; and (3) voluntarily participated in achieving that goal.  See Taylor v. United States, ___ U.S. ___, 136 S. Ct. 2074, 2080-81 (2016); United States v. To, 144 F.3d 737, 748 (11th Cir. 1998). Likewise, as to Count 2, the district court did not err in concluding that the goal of the scheme was to possess with intent to distribute the marijuana Casamayor and his co-conspirators planned to take and that Casamayor was guilty of the drug crime of conspiracy to possess with intent to distribute marijuana.  See United States v. Charles, 313 F.3d 1278, 1284 (11th Cir. 2002).  As to the § 924 firearm convictions in Counts 5 and 6, Casamayor admitted that he and his co-conspirators needed to carry guns to execute the marijuana-growhouse robbery and that a loaded firearm was found in his vehicle when he was arrested.

In addition, the district court did not err in accepting Casamayor's guilty plea.  The record demonstrates that at his plea colloquy, Casamayor testified that: (1) no one had coerced, threatened, or promised him anything in exchange for pleading guilty; (2) Casamayor received a copy of the indictment, discussed it fully

10

with counsel, and counsel explained what the government would need to prove in order to convict him of the charges against him; and (3) counsel explained the consequences of being convicted and Casamayor understood them fully. The record also confirms that the district court explained the consequences of his plea. Accordingly, the district court complied with the three core concerns of Rule 11, and Casamayor's guilty plea was knowing and voluntarily. See United States v. Jones, 143 F.3d 1417, 1418-19 (11th Cir. 1998).[2]

In sum, Casamayor cannot show error, much less plain error, with regard to his guilty plea.

## B.    ACCA Sentence on Count 3

Under the ACCA, a defendant convicted of an 18 U.S.C. § 922(g) firearm offense is subject to a mandatory minimum 180-month sentence if he has three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). A prior conviction qualifies as a "violent felony" under the ACCA's

---

[2]We recognize that Casamayor also makes a Johnson argument that his Count 1 conviction for Hobbs Act robbery conspiracy is not a crime of violence for purposes of his two § 924 convictions in Counts 5 and 6. This, however, ignores that Casamayor also pled guilty to the drug trafficking crime in Count 2, which is expressly referenced as a predicate crime for his § 924 offenses in Counts 5 and 6. At a minimum, Casamayor has shown no plain error. Thus, here we need not examine if conspiracy to commit Hobbs Act robbery is a crime of violence for purposes of § 924(c). In light of the foregoing, Casamayor's request to stay proceedings pending the Supreme Court's decision in Sessions v. Dimaya, No. 15-1498, is **DENIED**.

elements clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 924(e)(2)(B)(i).[3]

On appeal, Casamayor argues that the district court erred in concluding that he had three prior convictions that qualified as violent felonies under the elements clause. Casamayor does not challenge the district court's determination as to two of his prior convictions—armed robbery with a firearm or deadly weapon and aggravated battery with great bodily harm. Casamayor contends, however, that none of his other predicates the district court identified—his conviction for aggravated assault with a deadly weapon in 2001 and his two separate convictions for strong-arm robbery in 2012—qualify under the elements clause.

As Casamayor acknowledges, however, his arguments as to these Florida convictions are foreclosed by this Court's binding precedent. This Court has held that Florida aggravated assault with a deadly weapon under Florida Statutes § 784.021 categorically qualifies as a violent felony under the ACCA's elements clause. See Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1338 (11th Cir. 2013), abrogated in part on other grounds by Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015). Moreover this Court has held that Turner remains binding precedent after the Supreme Court's decisions in Mathis v. United

---

[3]This Court reviews de novo whether a prior conviction qualifies as a violent felony within the meaning of the ACCA. United States v. Howard, 742 F.3d 1334, 1341 (11th Cir. 2014).

States, ___ U.S. ____, 136 S. Ct. 2243 (2016) and <u>Descamps v. United States</u>, 570

U.S. 254, 133 S. Ct. 2276 (2013).  See <u>United States v. Golden</u>, 854 F.3d 1256,

1257 (11th Cir. 2017).

Likewise, this Court has held that Florida strong-arm robbery under Florida

Statutes § 812.13 categorically qualifies as a violent felony under the ACCA's

elements clause.  <u>United States v. Fritts</u>, 841 F.3d 937, 940 (11th Cir. 2016), <u>cert.</u>

<u>denied</u>, ___ U.S. ___, 137 S. Ct. 2264 (2017); <u>United States v. Dowd</u>, 451 F.3d

1244, 1255 (11th Cir. 2006); <u>see also</u> <u>United States v. Lockley</u>, 632 F.3d 1238,

1245 (11th Cir. 2011) (involving the identical elements clause of the career

offender provision).  Thus, under our binding precedent, either Casamayor's 2001

conviction for aggravated assault or one of his two strong-arm robbery convictions

in 2012 may serve as the third predicate violent felony.[4]

Accordingly, the district court did not err in determining that Casamayor had

three prior "violent felony" convictions and properly applied the ACCA

enhancement to Casamayor's sentence on Count 3.

---

[4]We note that one of Casamayor's strong-arm robbery offenses was committed on the same day as his aggravated battery with great bodily harm, January 8, 2011, and therefore may not satisfy the ACCA's requirement that the offenses be "committed on occasions different from one another."  <u>See</u> 18 U.S.C. § 924(e)(1).  Casamayor has never raised this issue, but even if he had, we would not need to address it because Casamayor has more than enough violent felonies to support his ACCA sentence.

## C.    Career Offender

In this second appeal, Casamayor raises a new and completely different challenge to his career offender status.  Specifically, Casamayor argues that the career offender table in U.S.S.G. § 4B1.1(c)(3), which was used to calculate Casamayor's advisory guidelines range, runs afoul of the Supreme Court's decision in United States v. LaBonte, 520 U.S. 751, 117 S. Ct. 1673 (1997), and exceeds the Sentencing Commission's authority under 28 U.S.C. § 994(h). Casamayor argues that his preset advisory guidelines range of 262 to 327 months imprisonment was "entirely disproportionate to" his statutory maximum sentences of twenty years for Count 1 and five years for Count 2.  See 21 U.S.C. § 841(b)(1)(D), 18 U.S.C. § 1951(a).

As with Casamayor's challenge to his guilty plea, his arguments about § 4B1.1(c)(3)'s career offender table could have been, but were not, raised in his first appeal of his sentence.  Indeed, in his first appeal, Casamayor raised other arguments as to his career offender status, but failed to make the arguments he raises now.  Moreover, in his first appeal, this Court affirmed the district court's determination that Casamayor qualified as a career offender under § 4B1.1(a). Accordingly, Casamayor's new challenge to § 4B1.1(c)(3) is barred by the law of the case doctrine.

14

In any event, Casamayor has not shown plain error.  Casamayor does not

cite any binding precedent holding that a career offender sentence is invalid where

the advisory guidelines range calculated under § 4B1.1(c)(3) exceeds the

maximum terms for one or more of the counts of conviction.  Notably, LaBonte,

cited by Casamayor, does not stand for such a proposition.  Rather, LaBonte

merely noted that 28 U.S.C. § 994(h) directed the Sentencing Commission to

assure that the Sentencing Guidelines specify a sentence at or near the maximum

authorized for defendants who (like Casamayor) had been convicted of a felony

crime of violence or a controlled substance offense after having been convicted of

two or more such felonies.  520 U.S. at 753, 117 S. Ct. at 1675.

In Casamayor's case, the district court's application of the career offender

table accomplished this goal, as Casamayor's term of imprisonment for each count

is either at or near the maximum term authorized by statute, including his 202-

month term on Count 1 and his 60-month term on Count 2.[5]  Furthermore, the

Sentencing Guidelines are clear that if an advisory guidelines range exceeds the

---

[5]To the extent Casamayor challenges his career offender status based on his having two prior crimes of violence, this argument plainly lacks merit.  The district court's determination on remand that Casamayor had at least four prior convictions that qualified as "violent felonies" under the ACCA's elements clause necessarily means that Casamayor also has at least four prior convictions that qualify as "crimes of violence" under the career offender provision's identical elements clause.  See U.S.S.G. §§ 4B1.1(a), 4B1.2(a)(1).  Further, since Casamayor's last appeal, the Supreme Court has held that the advisory Sentencing Guidelines, including U.S.S.G. § 4B1.2(a)(1), are not subject to constitutional vagueness challenges like the one raised in Johnson.  See  Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886, 890 (2017).

15

statutory maximum penalty, the statutory maximum prevails.  See U.S.S.G.

§§ 5G1.1(a), (c)(1), 5G1.2(e) & cmt. n.3(B).

Accordingly, the district court did not err, much less plainly err, in

calculating Casamayor's advisory guidelines using the career offender table in

U.S.S.G. § 4B1.1(c)(3).

**AFFIRMED.**