[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11919
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00007-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BELINDA SHEPPARD-LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 28, 2020)

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

LAGOA, Circuit Judge:

Belinda Sheppard-Lewis ("Sheppard-Lewis") appeals from the district court's denial of her motion to withdraw her guilty plea, arguing that she did not knowingly and voluntarily enter her guilty plea and instead thought that she could withdraw her plea at any time before sentencing. For the reasons discussed below, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2017, the government indicted Sheppard-Lewis for making false statements on her income tax return in violation of 26 U.S.C. § 7206(1), wire fraud in violation of 18 U.S.C. § 1343, and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

### A. The Change of Plea Hearing

In September 2018, Sheppard-Lewis pleaded guilty to all charges against her without a written plea agreement.[1] At her change of plea hearing, the magistrate judge advised Sheppard-Lewis that he would be asking a series of questions to confirm that she was knowingly and voluntarily making the plea and to find a sufficient factual basis to support her guilty plea. The magistrate judge also advised Sheppard-Lewis that she could stop and speak to her attorney in private at any time.

---

[1] Sheppard-Lewis consented to change her plea to guilty before the magistrate judge and to reduce the time period to object to the magistrate judge's report and recommendation to twenty-four hours.

2

Under oath, Sheppard-Lewis confirmed that she understood her discussions with the magistrate judge and that she was not under the influence of drugs, medication, or any other intoxicating substance. She then discussed her educational and professional background prior to establishing her own tax preparation business.

Sheppard-Lewis then admitted the truth of the charges against her and acknowledged the various rights she was giving up as a result of her guilty plea. As to her potential sentence, Sheppard-Lewis testified that she had spoken to her attorney about the matter and her attorney was able to answer whatever questions she had. She also testified that she understood that she would not be able to withdraw her plea if her resulting sentence was harsher than what she anticipated.

The magistrate judge explained to Sheppard-Lewis the elements of, and potential penalties for, the charges against her. Sheppard-Lewis confirmed that she understood the charges against her and that, absent her guilty plea, the government would have to prove those charges beyond a reasonable doubt. Sheppard-Lewis pleaded guilty to all six counts in the indictment.

The magistrate judge next told Sheppard-Lewis that the government would be proffering what it expected to prove if the case went to trial and cautioned her to "listen carefully" because he would be asking her under oath if she agreed with those allegations. The government recited the factual bases for each charge against Sheppard-Lewis, and she admitted to those facts. As a result, the magistrate judge

found an adequate factual basis for Sheppard-Lewis's guilty plea.  Moreover, Sheppard-Lewis confirmed that she was entering into her plea freely and voluntarily, without force, threats, intimidation, or coercion.

Sheppard-Lewis's attorney advised the magistrate judge that the parties had agreed to postpone sentencing pending this Court's decision in *United States v. Munksgard*, 913 F. 3d 1327 (11th Cir. 2019), where this Court was presented with a question about the scope of the term "use" in the criminal statute for aggravated identity theft.  The parties agreed that in the event of a favorable ruling for the defendant in *Munksgard*, Sheppard-Lewis would have been able to avoid sentencing for that charge notwithstanding her guilty plea.  The government and Sheppard-Lewis, however, confirmed that her plea was not conditional and that their agreement was limited to a delayed sentencing.

Sheppard-Lewis confirmed that there were no other agreements or promises underlying her guilty plea.  Sheppard-Lewis further testified that she was satisfied with her attorney's representation of her during the case and confirmed that she told the truth during the plea colloquy.  She also repeated her desire to plead guilty.

The magistrate judge concluded that Sheppard-Lewis was intelligent, understood the charges and possible penalties against her, and appreciated the consequences of pleading guilty.  Based on Sheppard-Lewis's admission to the government's allegations, the magistrate judge also found that the elements of the

4

charged offenses were met. Finally, the magistrate judge found that Sheppard-Lewis entered her plea freely, voluntarily, knowingly, and intelligently, with the advice of competent counsel.

The magistrate judge issued a report and recommendation to the district court recommending that the court accept Sheppard-Lewis's guilty plea. The district court adopted the magistrate judge's report and recommendation and accepted Sheppard-Lewis's guilty plea. Based on the parties' agreement that Sheppard-Lewis's sentencing be delayed pending this Court's decision in *Munksgard*, the district court postponed the sentencing.

### B. Sheppard-Lewis seeks to withdraw her plea

On January 30, 2019, this Court issued its decision in *Munksgard* holding, in relevant part, that the term "use," for purposes of aggravated identity theft under 18 U.S.C. § 1028A, did not require a showing that the defendant tried to impersonate or act on behalf of another person. 913 F.3d at 1334-36.

On the day of her sentencing, Sheppard-Lewis filed a motion to withdraw her guilty plea claiming that, following this Court's opinion in *Munksgard*, she informed her attorney that she believed she was not guilty of identity theft and wished to proceed with trial. In the motion, Sheppard-Lewis further argued that, based on a meeting with her attorney prior to her guilty plea, she believed she could withdraw her guilty plea at any time before sentencing, and that she would not have entered a

guilty plea had she known that she could not withdraw it before sentencing. As noted in her motion, her attorney did not share the same recollection of that meeting. The district court referred the motion to the magistrate judge.

At the evidentiary hearing before the magistrate judge on her motion to withdraw her guilty plea, Sheppard-Lewis advised the court that she would be hiring a new attorney because of the conflicting accounts of her discussions with counsel and because she had lost confidence in him. Recognizing the differing testimony that may be elicited from Sheppard-Lewis and her attorney, the magistrate judge continued the hearing on her motion to withdraw her guilty plea in order to allow her an opportunity to retain new counsel.

### C. The continued evidentiary hearing on Sheppard-Lewis's motion to withdraw her guilty plea

On April 3, 2019, Sheppard-Lewis and her new counsel appeared at the continued hearing, and she testified that her prior attorney told her that she could change her plea at any time and, absent that understanding, she would not have pleaded guilty. She further testified that her prior attorney told her to answer "yes" to whatever the judge asked and that she was therefore dishonest during the plea colloquy. Sheppard-Lewis claimed that she did not read the statement of facts she signed in conjunction with the plea and never agreed to plead guilty to identity theft. However, she admitted that she understood what the magistrate judge said during

the plea colloquy. Sheppard-Lewis maintained that she disputed the facts underlying her guilty plea because she did not "steal" anyone's personal information.

Sheppard-Lewis's prior attorney testified that he examined the evidence against Sheppard-Lewis and discussed it with her on various occasions. He also testified that they went through the statement of facts that Sheppard-Lewis signed, and she appeared to read through it, although he could not confirm whether she indeed read it in its entirety. He did not see any statements in that document that he knew to be untrue and believed that Sheppard-Lewis understood the facts she was admitting. He further testified that he did not tell Sheppard-Lewis that she could withdraw her plea at any time and did not instruct her on what to say at the plea colloquy.

On April 5, 2019, the magistrate judge issued a report and recommendation to the district court recommending that it deny Sheppard-Lewis's motion to withdraw her guilty plea. The magistrate judge found that Sheppard-Lewis was not credible in her testimony, noting that she admitted to lying in her plea colloquy and did not provide any justification for her belief that she could freely withdraw her plea at any time. The magistrate judge also noted that Sheppard-Lewis had close assistance of counsel and did not identify any shortcomings in legal representation or dissatisfaction with legal services—other than her claim that her prior attorney told her to answer "yes" to all questions during the plea colloquy. Further, the magistrate

judge found that Sheppard-Lewis's plea was knowing and voluntary because, at the plea colloquy, the magistrate judge and the government each recited the charges and potential penalties against her and the consequences of her guilty plea, which she acknowledged and agreed to.  The magistrate judge mentioned the timing of Sheppard-Lewis's motion to withdraw—which was filed on the day she was to be sentenced, five months after her plea, and after twelve continuances during the two years that the case had been pending—to conclude that her motion suggested "buyer's remorse."  The magistrate judge's report and recommendation contained a notice advising the parties that any objections to the report and recommendation must be filed and served within fourteen days and a party's failure to object would waive "the right to challenge on appeal the district court's order based in the unobjected-to factual and legal conclusions."

After receiving no objections from either party, the district court adopted the magistrate judge's report and recommendation and denied Sheppard-Lewis's motion to withdraw her guilty plea.  The district court then sentenced Sheppard-Lewis to thirty months' imprisonment followed by one year of supervised release.  This appeal ensued.

## II.    STANDARD OF REVIEW

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion.  *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).

However, when a defendant fails to object to a magistrate judge's report and recommendation, after being advised of the consequences for failing to do so, our review of the factual findings, as adopted by the district court, is limited to a plain error analysis. *See* Fed. R. Crim. P. 59(a); 11th Cir. R. 3-1; *United States v. Keelan*, 786 F.3d 865, 872 (11th Cir. 2015). To show plain error, the defendant must show that there was (1) an error, (2) that was plain, and (3) that affected substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If all three conditions are met, an appellate court may then exercise its discretion and review the otherwise waived error but only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003)).

## III.    ANALYSIS

"[T]here is no absolute right to withdraw a guilty plea prior to imposition of a sentence." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). Rather, a defendant seeking to withdraw a guilty plea prior to sentencing must show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant presents a "fair and just reason" for withdrawal, courts consider "the totality of the circumstances surrounding the plea." *Buckles*, 843 F.2d at 471–72. Courts should consider the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and

9

voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472 (citation omitted). However, a district court need not give the latter two factors considerable weight when a defendant fails to show that the first two factors favor withdrawal. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

Sheppard-Lewis argues that she should have been allowed to withdraw her guilty plea because she did not enter the plea knowingly and voluntarily. In support of this argument, she points to her prior attorney's inability to testify as to whether she definitively read and understood the statement of facts that she signed and argues that the testimony elicited at the evidentiary hearing on her motion to withdraw her plea "raises concerns" on whether she knowingly and voluntarily entered her plea. As such, she contends that the district court abused its discretion in denying her motion. After reviewing the record, we find Sheppard-Lewis's argument without merit.

To determine whether a plea is knowing and voluntary and therefore complies with the "core principles" of Rule 11, courts must ensure that (1) the plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant knows and understands the consequences of her plea. *United States v. Jones*, 143 F.3d 1417, 1418–19 (11th Cir. 1998). During a plea colloquy, district

10

courts, among other things, must consider the complexity of the offense, along with the defendant's sophistication and intelligence and whether the defendant has been sufficiently informed of the consequences of pleading guilty. *See United States v. Presendieu*, 880 F.3d 1228, 1238–39 (11th Cir. 2018).

As noted, although we review a denial of a motion to withdraw a plea for abuse of discretion, Sheppard-Lewis after being advised of the consequences did not object to the magistrate judge's report and recommendation to the district court recommending that her motion to withdraw her guilty plea be denied. Accordingly, we review the district court's adoption of that report and recommendation and denial of her motion for plain error. *See* 11th Cir. R. 3-1; *Keelan*, 786 F.3d at 872. Under plain error review, Sheppard-Lewis must show not only that the error is plain and affects her substantial rights but also that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Turner*, 474 F.3d at 1276 (quoting *Monroe*, 353 F.3d at 1349).

We find that Sheppard-Lewis has failed to show plain error in the district court's denial of the motion to withdraw her guilty plea. In conducting the plea colloquy, the magistrate judge thoroughly explained the charges against Sheppard-Lewis and the consequences of her guilty plea. Specifically, the magistrate judge went through the elements and penalties for each charge and asked the government to present the facts it believed would be shown at trial. In addition, the magistrate

11

judge recited the various rights Sheppard-Lewis would be giving up by pleading guilty and noted that she would not be able to withdraw her plea if her sentence was harsher than anticipated.

At various junctures, the magistrate judge stopped to ensure that Sheppard-Lewis was following the discussion and understood what he was saying. Sheppard-Lewis testified that she understood the charges against her and the penalties, the government's factual proffer, and the finality of her plea. She also testified that she had discussed the case, her plea, and her sentencing with her prior attorney and was satisfied with his legal services. She further testified that the only agreement underlying her plea was the agreement to postpone sentencing until this Court issued an opinion in *Munksgard*.

While Sheppard-Lewis claims that this testimony should be discounted in favor of her later testimony while trying to withdraw her plea, we must give a strong presumption of truthfulness to a defendant's sworn statements at a plea colloquy. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Other than her own testimony seven months later, Sheppard-Lewis points to no evidence that conclusively contradicts her prior testimony. Without any such evidence, there is no basis to overturn the magistrate judge's finding that Sheppard-Lewis was not credible when later testifying that she did not understand the admissions she made or the finality of her guilty plea. *See Buckles*, 843 F.2d at 472–73 ("Guilty pleas

12

would be of little value to the judicial system if a defendant's later conclusory assertion of innocence automatically negated his plea."). In addition, the magistrate judge correctly found that Sheppard-Lewis received close assistance of counsel. Nothing in the record contradicts the testimony of Sheppard-Lewis and her prior attorney that they met various times to discuss her case, the evidence against her, and the consequences of her guilty plea.

Because we find no plain error in the magistrate judge's finding, as adopted by the district court, that Sheppard-Lewis knowingly and voluntarily entered her guilty plea, we affirm the district court's denial of her motion to withdraw her guilty plea.

**AFFIRMED.**